Edelmira HINOJOSA, Appellant,

v.

Isabel HINOJOSA.

In re the ESTATE OF Antonio HINOJOSA, Deceased, Appellee.

No. 08–93–00069–CV.

Court of Appeals of Texas, El Paso.

Nov. 24, 1993.

Doris Sipes, El Paso, for appellant.

Michael A. Villalba and Ray Velarde, El Paso, for appellee.

Before OSBORN, C.J., and KOEHLER and LARSEN, JJ.

## OPINION

KOEHLER, Justice.

In a suit brought by Appellant for declaratory judgment designating her as the surviving wife of Antonio Hinojosa, deceased, Appellee claiming to be his wife at the time of death filed her motion for summary judgment based solely on the affirmative defense of estoppel by Appellant's election to take under the will. In this appeal from the judgment granted on that motion, Appellant contends that there are fact issues on whether she made an election. Concluding that the judgment is not final since it does not dispose of all of the parties and claims, we dismiss for want of jurisdiction.

## FACTUAL BACKGROUND

Appellant, Edelmira Hinojosa (Edelmira), and Antonio Hinojosa (Antonio) were married in 1951 and were divorced by court decree dated May 27, 1975, which incorporated by reference a property settlement agreement disposing of the parties' community property (awarding Antonio as his sole and separate property the business known as Lone Star Sanitary Service) and agreeing on custody and child support for the three minor children remaining of the six children born during their marriage. In September 1979, Antonio and Appellee, Isabel Hinojosa (Isabel), were formally married allegedly after having lived together in a common law marriage relationship from May 1975 in both Juarez, Mexico and El Paso, Texas. Four children were born of this marriage. Antonio died testate on December 29, 1990, having executed a will on December 15, 1990. In this will which was subsequently offered for probate, he specifically referred to Isabel as his "wife" and to Edelmira as his "former wife." In the will, he bequeathed to his wife all of his interest in all of the personal property and in two parcels of real property and 51 percent of his business known as Lone Star Sanitary Service. He bequeathed to the six children of his first marriage the other 49 percent of the business. As for his former wife, Edelmira, he provided only and specifically that she was to be paid $150 per week for her life from the Lone Star Sanitary Service business.

In September 1991, Edelmira filed suit in the probate proceeding under the Declaratory Judgment Act, seeking a judgment declaring her to be the surviving wife of Antonio, naming Isabel, Isabel's four children and her own six children as respondents. In her petition, Edelmira alleged that after she and Antonio were divorced in April 1975[1], they immediately began a common law marriage

---

1. The divorce suit was heard by the court on April 25, 1975, but the divorce decree was not

relationship which lasted until his death, living together and holding themselves out to the public as husband and wife, with Antonio paying the bills for and providing necessities to Edelmira, and filing joint tax returns. Isabel and her four children answered with general denials. None of Edelmira's children filed any response and she subsequently took default judgments against them. Several months later, Isabel and her children filed a supplement to their Second Amended Answer[2] in which they pled a counterclaim for a judgment among other things declaring that Isabel is the sole surviving spouse of Antonio. Isabel then filed her motion for summary judgment claiming that as to her "affirmative defense of estoppel," she was entitled to judgment as a matter of law because Edelmira is "estopped from asserting her alleged community interest in the estate ... for the reason that she has made an election to take under the ... [will] ... as his 'former wife.'" She was not joined in this motion by her children. After a hearing, the trial court granted the motion, finding that Isabel was entitled to a summary judgment and ordering in its "Final Summary Judgment" that "Plaintiff, EDELMIRA HINOJOSA, take nothing against Defendant, ISABEL HINOJOSA, by her Petition for Declaratory Judgment, that the Petition for Declaratory Judgment heretofore filed by Plaintiff EDELMIRA HINOJOSA, be and is in all things DENIED. *All other relief not expressly granted herein is denied."* [Emphasis added].

### APPEALABLE JUDGMENT?

In her second point of error, Edelmira contends that the summary judgment rendered in this case is not final because it did not dispose of all parties to the suit.

Although Edelmira had obtained default interlocutory judgments against her own six children, neither the motion for summary judgment nor the judgment itself made any specific mention or disposition of Edelmira's claim as it might relate to Isabel's four children who had separately answered Edelmira's petition for declaratory judgment. The summary judgment herein contains what is commonly referred to as a "Mother Hubbard" clause.[3] A summary judgment in order to be final and thus appealable, must dispose of all issues and parties. *Schlipf v. Exxon Corp.,* 644 S.W.2d 453 (Tex.1982); *Hunt Oil Co. v. Moore,* 639 S.W.2d 459 (Tex. 1982). Until recently, it was the rule that unless a summary judgment specifically disposed of all issues and all parties, it was considered a partial or interlocutory judgment and as such, a "Mother Hubbard" clause added to the judgment was inappropriate and would not make it final. *Teer v. Duddlesten,* 664 S.W.2d 702, 704 (Tex.1984). *Mafrige v. Ross,* 866 S.W.2d 590, 591 (Tex. 1993), has now held that if the language in the summary judgment clearly evidences the intent of the trial court to dispose of all claims, it should be treated as a final judgment. Applying this newly announced rule to the instant case, if it were only a matter of disposing of Edelmira's allegations as they relate to Isabel's children as parties defendant, we could conclude that the summary judgment should be treated as "final" for several reasons.[4] We are, however, faced

---

2. Respondents' Second Amended Answer is not included in the record. Respondents' Amended Answer/Plea in Abatement, filed January 17, 1992, is not an answer since it fails to deny any of Edelmira's allegations but is only a plea in abatement based on Isabel's health problems.

3. Defined as a statement in a judgment to the effect that all relief not expressly granted is denied. *North East Independent School District v. Aldridge,* 400 S.W.2d 893, 896 (Tex.1966).

4. Some of the reasons are: First, the only relief requested by Edelmira in her suit was that she be declared the surviving wife of Antonio at the time of his death by virtue of a common law marriage and that she would therefore be entitled to a community interest in the property acquired during that marriage; second, there is nothing in the record other than their counterclaim to indicate that Isabel's children have made any claim against Antonio's estate, their only interest in his estate under the will being contingent upon Isabel not surviving him; third, to the extent that the summary judgment applied only to Edelmira's claim, Isabel's children have obtained as a result thereof the most favorable relief available to them under their defensive pleadings; fourth, Edelmira can show no harm resulting to her by the failure to include specifically Isabel's four children in the motion and judgment.

with the fact that the summary judgment makes no pretense at disposing of the counterclaim filed by Isabel and her children. As to the children's counterclaim, in the absence of a motion for summary judgment by them, the court has no power to render such a judgment affecting their claims. *Hodde v. Young,* 672 S.W.2d 45, 47 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.), *citing Teer v. Duddlesten,* 664 S.W.2d at 703. We do not view *Mafrige* as overruling *Teer* with respect to counterclaims by parties who did not join in the summary judgment motion. Moreover, it would be illogical to the extreme to conclude that the trial court intended by its use of the "Mother Hubbard" clause to deny the relief requested by the counterclaim, that is for a judgment declaring Isabel to be the surviving spouse of Antonio. The failure to dispose of the counterclaim results in an interlocutory or partial judgment over which we lack appellate jurisdiction. *Tingley v. Northwestern Nat. Ins. Co.,* 712 S.W.2d 649, 650 (Tex.App.—Austin 1986, no writ); *see New York Underwriters Ins. Co. v. Sanchez,* 799 S.W.2d 677, 679 (Tex.1990). We therefore sustain Point of Error No. Two and dismiss the appeal.[5]

The appeal is dismissed for want of jurisdiction.

---

5. We note in passing that there are no pleadings in the record on appeal to support the only grounds for summary judgment stated in Isabel's motion, namely the affirmative defense of estoppel.