Stevens F. MAFRIGE, Ronald Kormanik,
Mafrige & Kormanik, P.C.,
Petitioners,

v.

James E. ROSS and J. Douglas
Sutter, Respondents.

No. D–2997.

Supreme Court of Texas.

Oct. 27, 1993.

Rehearing Overruled Jan. 5, 1994.

Steven A. Leyh, Charles B. Holm, William J. Boyce, Andrew S. Hanen, Lori M. Gallagher, Roger Townsend, Houston, for petitioner.

Newton B. Schwartz, David A. Furlow, Houston, for respondents.

## OPINION

CORNYN, Justice.

The finality of judgments for purposes of appeal has been a recurring and nagging problem throughout the judicial history of this state. In this case we address the issue of whether the inclusion of "Mother Hubbard" language or its equivalent in an order granting summary judgment makes an otherwise partial summary judgment final for appeal purposes.[1] We conclude that it does.

Attorneys James Ross and Douglas Sutter filed this lawsuit in state court against twelve other attorneys and insurers after a $13 million personal injury judgment was entered against Ross and Sutter's client in federal court.[2] They alleged various causes of action including malicious prosecution, slander, libel, conspiracy, and negligence, all arising out of the conduct of the federal litigation and two related legal malpractice suits filed against them. Three groups of defendants filed separate motions for summary judgment against each plaintiff. Two groups of defendants filed single motions for summary judgment against both plaintiffs. The trial court granted all eight motions by signed

---

1. A Mother Hubbard clause generally recites that all relief not expressly granted is denied. *North E. Indep. Sch. Dist. v. Aldridge,* 400 S.W.2d 893, 898 (Tex.1966). We consider the equivalent of such a clause to be a statement that the summary judgment is granted as to all claims asserted by plaintiff, or a statement that plaintiff takes nothing against defendant.

2. *See Sosa v. M/V Lago Izabal,* 736 F.2d 1028 (5th Cir.1984).

separate orders with language exemplified by the following:

It is ... therefore, ORDERED, ADJUDGED and DECREED that the Motion for Summary Judgment of Defendant ... should in all things be granted and that Plaintiff ... take nothing against Defendant.

(Tr. at 1258)

Ross and Sutter appealed. The court of appeals dismissed the case for want of jurisdiction, 834 S.W.2d 385, 394, holding that because some of the motions for summary judgment failed to address one or more of the causes of action asserted by the plaintiffs, and because the trial court refused to sever the claims against individual defendants, the summary judgments were interlocutory and therefore not appealable.[3] After a lengthy review of the relevant case law,[4] the court of appeals resigned itself to "continue to wade through this muddy area determining whether to dismiss the appeal or to reverse and remand based on whether the trial court used a Mother Hubbard clause in the order granting summary judgment." *Id.* at 393.

■■■■ In order to be a final, appealable summary judgment, the order granting the motion must dispose of all parties and all issues before the court.[5] *Pan Am. Petroleum Corp. v. Texas Pac. Coal & Oil Co.,* 159 Tex. 550, 324 S.W.2d 200, 200 (1959). If the order does not dispose of all issues and all parties, it is interlocutory and therefore not appealable absent a severance. *Id.* at 201. No one disputes that granting a motion for summary judgment on causes of action not addressed in the motion is reversible error.

*Chessher v. Southwestern Bell Tel. Co.,* 658 S.W.2d 563, 564 (Tex.1983); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 677 (Tex.1979); TEX.R.CIV.P. 166a. Rather, the issue is whether such a summary judgment, which purports to be final by the inclusion of Mother Hubbard language or its equivalent, should be treated as final for purposes of appeal.

The confusion over a Mother Hubbard clause's effect on the finality of orders granting motions for summary judgment appears to flow from two decisions by this court: *Schlipf v. Exxon Corp.,* 644 S.W.2d 453 (Tex. 1982), and the analysis and application of that decision in *Teer v. Duddlesten,* 664 S.W.2d 702 (Tex.1984).

In *Schlipf,* the plaintiffs sued Exxon for royalties and prejudgment interest, and moved for summary judgment on all of their claims. The trial court granted the claim for royalties, but denied the claim for prejudgment interest. The judgment rendered stated:

the relief herein granted Plaintiffs, ... is in satisfaction of all of their claims and causes of action ... and all claims and/or causes of action herein asserted by all parties herein and not herein granted are hereby in all things denied and concluded;

. . . .

644 S.W.2d at 454.

The issue on appeal was whether that judgment was interlocutory and thus not appealable because it failed to expressly dispose of the claim for prejudgment interest. This court agreed with the court of appeals in that case, holding that the judgment ren-

---

**3.** We accept for purposes of resolving the procedural issue before us that the court of appeals correctly concluded that some of the defendants failed to address some of the causes of action in their motions for summary judgment.

**4.** The courts of appeals are divided on this issue. *Compare Georgetown Assoc., Ltd. v. Home Fed. Sav. & Loan Ass'n,* 795 S.W.2d 252, 253 (Tex. App.—Houston [14th Dist.] (1990), writ dism'd w.o.j.) *and Wheeler v. Yettie Kersting Memorial Hosp.,* 761 S.W.2d 785, 787 (Tex.App.—Houston [1st Dist.] 1988, writ denied) (Mother Hubbard language makes summary judgment final for purposes of appeal) *with Bethurum v. Holland,* 771 S.W.2d 719, 722 (Tex.App.—Amarillo 1989, no

writ) *and Sakser v. Fitze,* 708 S.W.2d 40, 42 (Tex.App.—Dallas 1986, no writ) (Mother Hubbard clause has no effect on finality).

**5.** By referring to "order" in the singular we should not be taken to imply that all parties and issues must be disposed of in one document, or that the timetable for appeal begins to run before the date of disposal of the last issue or party. *See H.B. Zachry Co. v. Thibodeaux,* 364 S.W.2d 192, 193 (Tex.1963) (interlocutory summary judgment for one defendant becomes final when subsequent order disposes of remaining defendants); *Ramones v. Bratteng,* 768 S.W.2d 343, 344 (Tex. App.—Houston [1st Dist.] 1989, writ denied) (same).

dered was final in that it expressly disposed of all parties and issues. We also noted that the judgment used the Mother Hubbard language suggested by this court in *North East Independent School District v. Aldridge*, 400 S.W.2d 893, 898 (Tex.1966), and emphasized that such language was helpful to make clear a trial court's intent to render a final judgment. 644 S.W.2d at 454.

Two years later we wrote that a Mother Hubbard has "no place" in a partial summary judgment and should not be used. *Teer*, 664 S.W.2d at 704. In *Teer*, only two of three defendants moved for summary judgment, but the judgment ordered that plaintiffs "'recover nothing'" from all three defendants and that all three defendants were "'discharged.'" *Id.* at 703.

We held that the judgment was interlocutory because it did not dispose of all parties and that the court of appeals erred by assuming jurisdiction of the partial, and therefore interlocutory, judgment. We also stated that the Mother Hubbard language from *North East Independent School District* was limited to conventional trial on the merits, after which one presumes that the court intended to dispose of all parties before it and all issues raised by the pleadings. Instead of dismissing for want of jurisdiction, however, or directing the court of appeals to do so, this court proceeded to sever the nonmoving party and remand for trial of its claims. Although we discussed *Schlipf*, we distinguished it only by saying that the parties in that case had not raised the jurisdictional issue, and it was not fundamental error. *Id.* at 704.

We are of the opinion that the better view is that expressed in *Schlipf* and manifested by the actual result in *Teer*. If a summary judgment order appears to be final, as evidenced by the inclusion of language purporting to dispose of all claims or parties, the judgment should be treated as final for purposes of appeal. If the judgment grants more relief than requested, it should be reversed and remanded, but not dismissed. We think this rule to be practical in application and effect; litigants should be able to recognize a judgment which on its face purports to be final, and courts should be able to

treat such a judgment as final for purposes of appeal.

Because the language in the summary judgment orders in this case clearly evidences the trial court's intent to dispose of all claims, the court of appeals erred in dismissing the appeal for want of jurisdiction. The propriety of the trial court's granting of the summary judgments on the merits is a matter to be resolved by the court of appeals. Accordingly, we reverse the judgment of the court of appeals and remand this cause to that court for further proceedings consistent with this opinion.