Rhonda VANDERWIELE; Debbie Barrett; and Jimmy Bryant, Individually and On Behalf of the Estate of James Bryant and Darlene Bryant, Appellants,

v.

LLANO TRUCKS, INC. d/b/a Frank Smith Llano Trucking and Frank Smith Llano Trucking, Appellees.

No. 3–94–182–CV.

Court of Appeals of Texas, Austin.

Oct. 26, 1994.

---

Mark I. Hefter, Austin, for appellants.

Merry Miller, Houston, for appellees.

Before CARROLL, C.J., and JONES and KIDD, JJ.

### ORDER

PER CURIAM.

The issue presented is whether a Mother Hubbard clause makes a summary judgment final for purposes of appeal. As to this appeal, we conclude that the Mother Hubbard clause did not and that appellants Rhonda Vanderwiele; Debbie Barrett; and Jimmy Bryant, individually and on behalf of the Estate of James Bryant and Darlene Bryant, timely perfected their appeal.

Appellants filed suit against Scott Wayne Carrigan and appellees Llano Trucks, Inc. d/b/a Frank Smith Llano Trucking, and Frank Smith Llano Trucking ("Llano Trucks"). Llano Trucks filed a motion for summary judgment on the basis that it was not responsible for Carrigan's actions. On September 1, 1993, the trial court granted the motion and rendered an order titled "FINAL SUMMARY JUDGMENT," stating:

> IT IS, THEREFORE, ORDERED ... Plaintiffs take nothing by this suit against Defendants Llano Trucks, Inc. and Frank Smith doing business as Frank Smith Trucking and that said Defendants shall recover its costs incurred herein of and from Plaintiffs, for which let execution issue.
>
> All relief not requested and not expressly granted is denied.

On February 14, 1994, the trial court rendered an order severing appellants' claims against Llano Trucks from the balance of the cause against Carrigan and purportedly rendered a final judgment as to appellants' claims and against Llano Trucks. *See Martinez v. Humble Sand & Gravel, Inc.*, 875 S.W.2d 311, 312 (Tex.1994) (when otherwise final judgment fails to dispose of all parties, court may make judgment final by severing parties and causes disposed of); *Schlipf v. Exxon Corp.*, 644 S.W.2d 453, 454 (Tex.1982) (no appeal from a partial summary judgment unless there is an order of severance).

■ Appellants timely perfected an appeal from the February judgment. The inclusion of a Mother Hubbard clause, the language that purportedly disposed of all claims, in the September order raised a question as to whether the September or February order was the final, appealable order. *See Mafrige v. Ross,* 866 S.W.2d 590, 592 (Tex.1993) ("If a summary judgment order appears to be final, as evidenced by the inclusion of language purporting to dispose of all claims or parties, the judgment should be treated as final for purposes of appeal."); *see also Martinez,* 875 S.W.2d at 313 (appellate timetable runs from date of order that made "severed" judgment final and appealable). Appellants have filed a motion to continue the appeal arguing that *Mafrige* does not apply; Llano Trucks has

filed a motion to dismiss the appeal in reliance on *Mafrige*.[1]

Pursuant to *Mafrige*, a summary judgment order may be treated as final for the purpose of appeal if the order·"appears to be final, as evidenced by the inclusion of language purporting to dispose of all claims or parties...." *Mafrige*, 866 S.W.2d at 592. In several orders, the *Mafrige* trial court granted motions for summary judgment in which all defendants joined. Each order included language to the effect that the motion for summary judgment should in all things be granted and that the plaintiff take nothing against the defendant. Because several defendants did not move for summary judgment on all of the claims, the granting of the motions for summary judgment did not resolve all issues before the court. *Id.* at 590–91. The supreme court held that the trial court had rendered a final, appealable judgment because the language in the several orders clearly evidenced the trial court's intent to dispose of all claims before the court. *Id.* at 592.

In the instant cause, the September order expressly references the motion for summary judgment of Llano Trucks, grants that motion, and orders that appellants take nothing against Llano Trucks. In this instance, the Mother Hubbard clause could do no more than dispose of issues raised in Llano Trucks' motion for summary judgment. The language of the order does not "clearly evidence" an intent to dispose of all claims, including those against Carrigan. Additionally, the order does not purport to dispose of all parties, specifically Carrigan, since nothing in the record indicates that Carrigan filed a motion for summary judgment. Because appellants' claims against Carrigan remained pending, the September order was interlocutory. *See Hinojosa v. Hinojosa*, 866 S.W.2d 67, 69–70 (Tex.App.—El Paso 1993, no writ) (summary judgment order that included a Mother Hubbard clause but made no pretense of disposing of counterclaim was interlocutory).

Accordingly, we grant appellants' motion to continue the appeal and overrule Llano Trucks' motion to dismiss the appeal. Additionally, we direct the Clerk of this Court to file appellants' motion for an extension of time to file their brief and grant the motion. The brief is due in this Court no later than November 15, 1994.

It is so ordered this 26th day of October 1994.

CARROLL, C.J., not participating.

---

1. If the September 1 order were the final, appealable order, appellants must have filed a motion for new trial or perfected their appeal by October 1, 1993. The supreme court issued its opinion in *Mafrige v. Ross*, 866 S.W.2d 590 (Tex. 1993) on October 27. At the time the trial court rendered the September 1 order, the order was arguably interlocutory. *See Teer v. Duddlesten*, 664 S.W.2d 702, 704 (Tex.1984) (Mother Hubbard clause "has no place in a partial summary judgment hearing"); *Hinojosa v. Hinojosa*, 866 S.W.2d 67, 69 (Tex.App.—El Paso 1993, no writ).