James Laurence **SHEERIN**, Individually and as independent executor of the Estate of Irene Sheerin and as Trustee of the James Laurence Sheerin Trust; Mary Kathryn L. Kurtz; John M. Wallace; Lucy E. Crow; Robert V. Crow; and Montez Crow Merritt, Appellants,

v.

**EXXON CORPORATION**; Mobil Producing Texas and New Mexico, Inc.; Mobil Exploration and Producing U.S., Inc.; Samedan Oil Corporation; and John G. Kenedy Charitable Trust, Frost National Bank of San Antonio, Trustee, Appellees.

No. 01–95–00318–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 30, 1997.

---

3. Two attorneys testified that one of the officer's reputation "for truth and veracity" was "bad."

Thomas Janiszewski, Stanley Kust, Daniel Castaneda, Houston, Dan Perry, San Antonio, for appellants.

J. Scott Carothers, Richard Marshall, Andrew Hanen, James Thompson, Harold Odom, Michael Schmidt, Houston, for appellees.

Before WILSON, ANDELL and HUTSON–DUNN,* JJ.

## OPINION

HUTSON–DUNN, Justice (Retired).

The Court previously considered whether the transcript in this appeal was timely filed.[1] *Sheerin v. Exxon Corp.*, 923 S.W.2d 52 (Tex. App.—Houston [1st Dist.] 1995, order). We ordered the Clerk of the Court to file the transcript based on our interpretation of *Mafrige v. Ross*,[2] and we proceeded to submit the cause on the merits. *Sheerin*, 923 S.W.2d at 55–56. Since that time, the supreme court has held that (1) a summary judgment which erroneously grants more relief than was requested in the motion for summary judgment and contains a Mother Hubbard clause or similar language is a final judgment and (2) the nonmovant must either ask the trial court to correct the erroneous summary judgment while the trial court retains plenary power over its judgment or perfect a timely appeal. *Inglish v. Union State Bank*, 40 Tex. Sup.Ct. J. 234, 235, —— S.W.2d ——, ——, 1997 WL 7275 (Jan. 10, 1997). If the nonmovant does neither, the erroneous summary judgment becomes final and unappealable. *Id.*

Applying *Inglish* to this appeal, we hold that the trial court's November 4, 1994 summary judgment was a final judgment.[3] Because appellants did not tender a timely motion for new trial or to modify the judgment, appellants had 60 days after the final judgment was signed to tender their transcript, *i.e.*, until January 3, 1995.[4] *See* Tex. R.App. P. 54(a). Appellants tendered their transcript to the Clerk of this Court on March 23, 1995, 79 days late. Appellants did not tender a timely motion for extension of

---

* Justice Hutson–Dunn, who retired December 31, 1996, continues to sit by assignment for the disposition of this case.

1. Since the relevant facts and procedural history of the appeal are recited in our November 9, 1995 opinion, we will not repeat them here.

2. 866 S.W.2d 590 (Tex.1993).

3. The November 4, 1994 summary judgment stated in part:
   It appearing to the Court that the ruling set forth herein disposes of all parties and all issues in this action, this is a Final Judgment. All other relief not expressly granted herein is hereby denied.

Appellants timely perfected their appeal on November 29, 1994.

4. We recognize that both the Texas Rules of Civil Procedure and Texas Rules of Appellate Procedure use the word "file" to refer to both (1) a party's act of tendering a document to the clerk for filing and (2) the clerk's act of filing a tendered document. In many courts, the clerk initially marks a tendered document "received" until it is determined the document was timely tendered, at which point the clerk marks the document "filed." *See, e.g.*, Tex.R. Civ. P. 24; Tex.R.App. P. 4(b), 56.

time to file the transcript, and we would be prohibited from granting an untimely motion. *B.D. Click Co. v. Safari Drilling Corp.,* 638 S.W.2d 860, 862 (Tex.1982); *see* TEX.R.APP. P. 54(c) (governing motions for extension of time to file the record).[5]

 When an appellant tenders a late transcript, we have no authority to consider the transcript. *Knight v. Sam Houston Memorial Hosp.,* 907 S.W.2d 847, 848 (Tex. App.—Houston [1st Dist.] 1995, writ denied); *see B.D. Click Co.,* 638 S.W.2d at 862. Because we have no authority to consider the transcript in this appeal, we have nothing to review, and we must dismiss the appeal. *Knight,* 907 S.W.2d at 848.

Accordingly, we order the Clerk of the Court to mark the transcript as "received," and we dismiss the appeal. TEX.R.APP. P. 56(a).

Barry Hards, Houston, for Appellant.

T. Wayne Harris, Houston, for Appellee.

Before HEDGES, COHEN and O'CONNOR, JJ.

---

**5.** Appellants have informed us that a Harris County deputy district clerk refused to prepare the transcript because the district clerk's computer erroneously indicated the judgment was interlocutory. Assuming this happened, the district clerk's improper refusal to prepare the transcript does not relieve appellants' burden to tender a timely transcript or a timely motion for extension of time to file the transcript. *See Knight v. Sam Houston Memorial Hosp.,* 907 S.W.2d 847, 849 (Tex.App.—Houston [1st Dist.] 1995, writ denied).

