**Floyd Lee KAIGLER, Appellant,**

**v.**

**GENERAL ELECTRIC MORTGAGE INSURANCE CORPORATION, Appellee.**

**No. 01–95–00566–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

June 5, 1997.

Rehearing Overruled Jan. 29, 1998.

Wynne L. Creekmore, Jr., Houston, for appellant.

Ruth W. Garner, James D. Brissee, Sugar Land, for appellee.

Before SCHNEIDER, C.J., and HEDGES and WILSON, JJ.

### OPINION

HEDGES, Justice.

The issue in this appeal is whether a Mother Hubbard clause in a summary judgment

---

disposes of all parties and all issues in a case. We conclude that the answer is yes.

Appellant, Floyd Lee Kaigler, appeals a summary judgment rendered in favor of appellee, General Electric Mortgage Insurance Corporation (GEMICO), in a deficiency action on a promissory note after a foreclosure sale. In three points of error, Kaigler contends that the trial court erred in rendering summary judgment in favor of GEMICO. We dismiss the appeal for want of jurisdiction.

### FACTS

Floyd Kaigler and his former wife, Katherine Keys Kaigler (now Reeves), executed a promissory note payable to Criterion Financial Corporation (Criterion) in the original principal sum of $94,900 plus interest for a mortgage loan to purchase a residence. They also executed a deed of trust in favor of Criterion covering the real property to secure the debt. General Electric Mortgage Securities Corporation (GEMSCO) later purchased Criterion's interest in the note and deed of trust. When the Kaiglers defaulted on payment of the note, GEMSCO accelerated the debt. After the Kaiglers did not pay, GEMSCO gave notice of a foreclosure sale and purchased the property at the sale for an amount less than the balance due. GEMSCO later transferred the property to GEMICO for the full amount of the Kaiglers' debt, thereby giving GEMICO the right to collect the deficiency amount.

GEMICO filed suit for the deficiency amount, and the Kaiglers answered by general denial. Katherine Kaigler later filed a second amended answer, a counterclaim against GEMICO, and a cross-claim against Floyd Kaigler. On January 31, 1994, GEMICO moved for summary judgment against Floyd Kaigler only. On April 22, 1994, the trial court signed a summary judgment order containing a Mother Hubbard clause in favor of GEMICO.

On August 25, 1994, the court signed an order dismissing defendant Katherine Kaigler from the original suit without prejudice, dismissing counterdefendant GEMICO without prejudice, and expressly reserving Katherine Kaigler's claims against cross-defendant Floyd Kaigler. The court's order dated February 3, 1995, severed the summary judgment in favor of GEMICO against Floyd Kaigler from the cross-claim action of Katherine Kaigler against Floyd Kaigler. On March 6, 1995, Floyd Kaigler filed a motion for new trial. After a hearing on April 7, 1995, the trial court overruled his motion. Floyd Kaigler then filed his appeal bond on May 4, 1995.

In three points of error, Floyd Kaigler asserts that the trial court erred in rendering summary judgment for GEMICO because: (1) GEMICO's affidavits in support of the motion for summary judgment were defective and void; (2) he raised questions of fact as to whether GEMICO's cause of action was barred by limitations; and (3) he raised questions of fact as to whether GEMICO had improperly accelerated the promissory note under the Property Code.

We address appellee's reply point that this Court has no jurisdiction to consider Floyd Kaigler's appeal because it was not timely perfected.

### Jurisdiction and Timeliness of the Appeal

GEMICO contends that the summary judgment signed by the trial court on April 22, 1994 was a "final" judgment and that because Floyd Kaigler did not file his appeal bond until May 4, 1995, his attempt to invoke the jurisdiction of this Court was of no effect. Therefore, it argues, this appeal must be dismissed. *See* TEX.R. CIV. P. 329(a); TEX. R.APP. P. 41(a). We agree.

In order to be a final, appealable summary judgment, the order granting the motion must dispose of all parties and all issues before the court. *Mafrige v. Ross*, 866 S.W.2d 590, 591 (Tex.1993). If the order does not dispose of all issues and all parties, it is interlocutory and therefore not appealable absent a severance. *Id.* If a summary judgment order appears to be final, however, as evidenced by language purporting to dispose of all claims or parties, the judgment should be treated as final for purposes of appeal. *Id.* at 592. If the judgment grants more relief than requested and a timely appeal is perfected, the summary judgment should be reversed and the cause remanded

instead of dismissing the cause for want of jurisdiction. *Id.*

The supreme court recently reaffirmed that a summary judgment is final and appealable even when it erroneously grants more relief than was requested in the motion for summary judgment if the summary judgment contains a Mother Hubbard clause or similar language. *Inglish v. Union State Bank,* 945 S.W.2d 810, 811 (1997). When the nonmovant for summary judgment is confronted with such an order, the nonmovant must either (1) ask the trial court to correct the erroneous summary judgment while the trial court retains plenary power over its judgment, or (2) perfect a timely appeal. *Id.*; *Sheerin v. Exxon Corp.,* 939 S.W.2d 227, 228 (Tex.App.—Houston [1st Dist.] 1997, no writ). If the nonmovant does neither, the erroneous summary judgment becomes final and unappealable. *Inglish,* 945 S.W.2d at 811; *Sheerin,* 939 S.W.2d at 228.

Before *Mafrige,* the parties and the appellate courts had to look at the live pleadings, the motion for summary judgment, and the summary judgment order to determine whether the order was final for purposes of appeal. In *North East Independent School District v. Aldridge,* the supreme court held that the problem in determining whether a summary judgment order is final for purposes of appeal could be eliminated by including a simple statement that "all relief not expressly granted is denied." *North East Indep. Sch. Dist. v. Aldridge,* 400 S.W.2d 893, 898 (Tex.1966). *Aldridge* went on to say:

> When a judgment, not intrinsically interlocutory in character, is rendered and entered in a case regularly set for a conventional trial on the merits ..., it will be presumed for appeal purposes that the Court intended to, and did, dispose of all

parties legally before it and of all issues made by the pleadings between such parties.

*Id.* at 897–98.

In *Mafrige,* the supreme court made it clear that when a Mother Hubbard clause is included in a summary judgment order, the parties and the appellate courts need look only to the four corners of the summary judgment order to determine finality. *Mafrige,* 866 S.W.2d at 592. In order to avoid a seemingly harsh result, courts of appeals wrote around *Mafrige,* refusing to apply it even when it seemed to be clearly applicable.[1] This circumvention did nothing but frustrate the purpose of *Mafrige* and blur its "bright line" test. In *Inglish,* the supreme court confirmed that *Mafrige* means what it says. Counsel who fail to perfect timely appeals from summary judgments that contain "Mother Hubbard" language or its equivalent do so at great risk to themselves and their clients. In a very recent case, the supreme court reiterated, "[w]hile we recognized that a summary judgment order that does not dispose of all issues and all parties is generally interlocutory and not appealable in the absence of a severance, we held that a summary judgment order with Mother Hubbard language should be treated as final for purposes of appeal." *Bandera Elec. Cooperative, Inc. v. Gilchrist,* 946 S.W.2d 336, 337 (Mar. 21, 1997)(citing *Mafrige,* 866 S.W.2d at 591–92).

*Mafrige* and *Inglish* reject the notion that the finality of a summary judgment depends on facts extrinsic to the summary judgment order itself. A judgment is either final when it is signed or it is not.[2] Counsel and their clients need an objective bright-line test to determine the finality of a judgment based

---

1. *See Vanderwiele v. Llano Trucks, Inc.,* 885 S.W.2d 843, 845 (Tex.App.—Austin 1994, no writ)(holding that despite inclusion of Mother Hubbard clause in summary judgment order, language of order did not clearly evidence intent to dispose of all claims and did not dispose of all parties when record did not indicate one party filed motion for summary judgment); *Hinojosa v. Hinojosa,* 866 S.W.2d 67, 70 (Tex.App.—El Paso 1993, no writ)(declining to follow *Mafrige* with

respect to counterclaims by parties who did not join in summary judgment motion).

2. Whether the judgment is both final *and* appealable, of course, depends on whether (1) the trial court changes the judgment during the period of the trial court's plenary power over the judgment, *see* Tex.R. Civ. P. 329b, or (2) a timely appeal is perfected.

on the judgment's *four corners*. *Mafrige* and *Inglish* provide that test.

The dissent attempts to escape *Mafrige* and *Inglish* on the basis that this case "deals with the impact of Mother Hubbard language on unresolved issues between parties, rather than the disposition as to the parties themselves." *See* Dissenting Opinion at 277. The dissent believes that the mere existence of other parties who have not been mentioned in the summary judgment order precludes the order from being final. Issues and parties, however, are co-dependent: one could not exist without the other. If an order disposes of all issues in a case, then it necessarily disposes of all parties to a case, and vice versa.

The effect of the dissenting opinion would be to make Mother Hubbard clauses useless. Parties and appellate courts would be thrust back into the bowels of ambiguity when determining the finality of a summary judgment order. Surely, this murkiness is not what the supreme court intended. If it were, the court would have condemned the use of Mother Hubbard clauses in summary judgment orders.

After *Mafrige* and *Inglish*, a party now runs the risk of waiving its appeal if it incorrectly believes that the summary judgment is interlocutory. The supreme court has deemed summary judgment orders granting more relief than requested to be not *interlocutory*, but *final and erroneous*. *Mafrige* dealt with the easier set of facts, where the appellant believed he had a final judgment and appealed in a timely fashion. *Mafrige*, 866 S.W.2d at 591–92. The harder case, from the standpoint of sympathy for the party, is the instance where the party believes that, notwithstanding a "final" summary judgment order with a Mother Hubbard clause, the judgment is interlocutory, and the litigant perfects an untimely appeal. We believe that the dissent has been inspired by an understandable but dangerous sympathy towards a party who would lose its appeal if our interpretation of *Mafrige* is correct. While the majority result is individual-

ly unfortunate, it is nonetheless compelled. The harshness of this particular result is counterbalanced by a salutary effect: uniform enforcement of *Mafrige* and *Inglish* will encourage attentiveness to correct judgments. Parties will be placed on notice that if a judgment is erroneously made final, they (1) must convince the trial court to correct its judgment, or (2) perfect a timely appeal.

■ In its summary judgment order rendered on April 22, 1994, the trial court indicated that it was a "final judgment" and included a Mother Hubbard clause stating that "all relief not expressly granted herein is denied." Following *Inglish* and *Mafrige*, we hold that this summary judgment was final and appealable on that day. Floyd Kaigler had the burden, therefore, either to request the trial court to correct the judgment while the court had plenary power or to perfect a timely appeal. Floyd Kaigler did not meet that burden.

Texas Rule of Civil Procedure 329b(a) provides that: "[a] motion for new trial, if filed, shall be filed prior to or within thirty days after the judgment or other order complained of is signed." Additionally, Texas Rule of Appellate Procedure 41(a)(1) provides that an appeal must be perfected by filing the cost bond or affidavit in lieu thereof with the clerk within thirty days after the judgment is signed, or within ninety days after the judgment is signed if a timely motion for new trial has been filed by any party.

■ Floyd Kaigler did not file any motions during the trial court's period of plenary power. He did not file a motion for new trial until March 6, 1995,[3] 318 days after the judgment became final. He did not file his appeal bond until May 1, 1995, 374 days after the judgment became final. We therefore must dismiss the appeal. *See Inglish*, 945 S.W.2d at 811.

We dismiss the appeal for want of jurisdiction.

WILSON, J., dissenting.

---

3. Although the motion is filestamped March 7, 1995, Kaigler's attorney filed a sworn affidavit that the motion was filed on March 6, 1995. It is of no consequence, however, whether it was filed on March 6 or March 7.

On a motion for en banc consideration, SCHNEIDER, C.J., and COHEN, HEDGES, ANDELL, TAFT and NUCHIA, JJ., voted to deny en banc consideration.

MIRABAL, O'CONNOR and WILSON, JJ., voted to grant en banc consideration.

WILSON, Justice, dissenting.

The majority finds this Court does not have jurisdiction to hear the appeal of appellant, Floyd Lee Kaigler. Because I believe the majority has misapplied *Mafrige* and *Inglish* by overextending each case's holding, I respectfully dissent.

Relative to a "Mother Hubbard" clause and the facts of this case, I believe the law can be summarized in two general statements:

1. A Mother Hubbard clause found in a judgment following a trial on the merits is presumed to indicate for appellate purposes that all issues have been decided and merged into the judgment, and that all parties have concluded their substantive business before the court. The appellate timetable therefore begins when the judgment is signed.[1]

2. A Mother Hubbard clause found in a summary judgment is presumed to indicate for appellate purposes that all issues between the parties to the summary judgment have been decided, and that the parties to the summary judgment have no further substantive business before the court. The appellate timetable does not necessarily begin with the signing of the summary judgment, notwithstanding the presence of the Mother Hubbard clause.

The Mother Hubbard clause derives its meaning not only from its language, but also from the context of the document in which it appears. Its value of "cleaning up loose ends," merging the totality of a case into a final document, and clarifying the intent of the trial court to render a final judgment is apparent. However, I do not find a case that says that in every instance in which a Mother Hubbard clause appears in a summary judgment, the language of the clause alone triggers the appellate timetable for the participants to the summary judgment procedure when other parties remain in the case, or makes an otherwise intrinsically interlocutory judgment a final judgment. This apparently is our holding today.

It would necessarily follow, as in *Inglish*,[2] that in a case with only two parties, that a Mother Hubbard clause[3] contained in a summary judgment when signed by the trial judge would trigger the appellate timetable. But in the case before us, there are more than two parties, and in the document entitled "Summary Judgment" we consider, Katherine Keys Kaigler is not mentioned except that her name appears in the style of the suit. Because *Inglish* concerns the impact of a Mother Hubbard clause on outstanding issues left dangling, rather than as to parties not involved in a summary-judgment procedure, I do not think it is determinative of our jurisdiction to hear this appeal.

*Mafrige* itself deals with the impact of Mother Hubbard language on unresolved issues between parties, rather than the disposition as to the parties themselves. The supreme court states in *Mafrige* that:

No one disputes that granting a motion for summary judgment on causes of action not addressed in the motion is reversible error. Rather, the issue is whether such a summary judgment, which purports to be final by the inclusion of Mother Hubbard language or its equivalent, should be treated as final for purposes of appeal.

*Mafrige v. Ross*, 866 S.W.2d 590, 591 (Tex. 1993).

If I understand the majority's opinion correctly, the majority holds today that when a trial court (1) grants a motion for summary

---

**1.** *See North East Indep. Sch. Dist. v. Aldridge,* 400 S.W.2d 893, 897–98 (Tex.1966).

**2.** *Inglish v. Union State Bank,* 945 S.W.2d 810, 811 (Jan. 10 1997). The case was originally multi-party, but the appeal arose from a severed counterclaim between only the bank and Robert B. Inglish.

**3.** The supreme court notes that although the language of the order in *Inglish* "does not contain a true Mother Hubbard clause, it clearly purports to be final." *Inglish,* 945 S.W.2d at 811.

judgment directed at some, but not all, of the parties, and (2) the trial court grants the motion, then signs an order that includes Mother Hubbard language, the mere presence of the Mother Hubbard clause transforms an otherwise interlocutory summary judgment into a final summary judgment for appellate purposes.

This holding represents a substantial change in the jurisprudence of "finality" and will lead to more complexity and confusion. Because I do not see *Mafrige* as signaling such a fundamental change as the majority, I respectfully dissent.