HARRIS COUNTY FLOOD CONTROL DISTRICT, Texas Department of Transportation, and Brazoria Drainage District No. 4, Appellants,

v.

Doyle ADAM, Wanda Adam, Patricia Ann Adams, Fernando R. Aguilar, Carolyn S. Aguilar, Charles Aiken, Julieann Aiken, Ronald E. Alford, Joann Alford, Kenneth Allen, Monzelle Allen, Antonio Almaguer, Linda Almaguer, Jose A. Alvarez, Derward L. Amacker, Donna R. Amacker, Rodolfo Aparicio, Dianna Aparicio, James B. Armstrong, Brenda Armstrong, Herbert B. Barrier, Jr., Bobbye J. Barrier, James E. Bell, Kay Bouland, Craig E. Boegler, Judy F. Boegler, Richard L. Bostwick, Sr., Bobbie Bostwick, Bobby L. Branch, James T. Brose, Rita A. Brose, John T. Brown, Jr., Linda R. Brown, Archie V. Buchman, Jr., Margit Buchman, William S. Cargill, Billie F. Cargill, Jose J. Cavazos, Rosemary Cavazos, Francisco DeLeon, Sr., Cynthia DeLeon, Evelyn Dellolio, James L. Dugan, David L. Egan, Cynthia L. Egan, Glen E. Einkauf, Gina K. Einkauf, Walter Fassy, Vicki L. Fassy, Robert T. Fassy, Jennifer Fassy, David Fogarty, Maria Fogarty, Richard M. Frazier, Geraldine H. Frazier, John E. Freeman, Lew D. French, Jr., Dorothy Frenzel, Bruce H. Fundling, Mary R. Fundling, Ira D. Gilmore, Carolyn B. Gilmore, Carl D. Girod, Deborah Girod, George W. Graham, Donna J. Roe Graham, R.C. Grimes, Edit Grimes, Bruce Hall, Stella Hall, Rhea D. Hambright, Elizabeth McDonald, Roy R. Hamilton, Carolyn A. Hamilton, Les Hansen, Cathy Hansen, Ana Marie Harris, Gerald Harris, Robert M. Herbert, Jr., Debby Herbert, Ingrid Hilliard, James Hilliard, Maxine Hilton, William G. Hinson, Violet Richardson, William E. Hornback, Willie Mae Hornback, David E. Hunt, Loretta B. Hunt, Fenton Hutchison, Mary Joe Einkauf, Randy T. Jeffery, Mark Jones, Renee Jones, Aaron Karolinski, Sheryl Karolinski, Linda Taylor

Kennedy, Wilburn Koester, E.J. Langley, Gloria M. Langley, Aaron Laurence, Denise Laurence, Larry Linares, Laura Linares, Martha Lindley, Robert J. Lira, Katherine E. Lira, Charles A. Llewellyn, Dorothy J. Llewellyn, Elizabeth F. Long, Milton I. Long, Juan Longoria, Lydia Longoria, Juan B. Lopez, Longinos M. Lopez, Phyllis D. Lopez, Richard Massiatte, Malena Massiatte, Martin L. Maulden, Janice M. Maulden, Manley R. May, Jodi L. May, Willie M. Mayfield, Stephen L. McCown, Wallace H. McDaniel, Leah R. McDaniel, Burl D. McMahan, John McNally, Joy McNally, Alfred G. Medina, Alicia G. Medina, Beulah Medlin, Dale Medlin, Margaret C. Meraz, Raymond B. Meraz, Enemoria P. Meraz, Wayne Miller, Charla Miller, Joe Milstead, Evangelina Milstead, Clifford C. Moffett, Gwen E. Moffett, Henry H. Morgan, Judith A. Morgan, Grace A. Moye, Jack Musselman, Nancy Musselman, Frederick A. Noel, Deborah Noel, Ima Burnia Oller, Charles Ortiz, Sharla Ortiz, James D. Osborne, Orlando A. Perea, Jr., Tina Perea, Rosa Pina, Bobbie E. Pond, Judy F. Pond, James G. Porter, Jr., Douglas C. Pounds, Mary L. Pounds, Billie Poynter, Vernon L. Roth, Rose Roth, Bendel S. Rushing, Jr., Bridget C. Rushing, Phillip W. Rutter, Terri A. Rutter, Michael J. Schattel, Dorothy J. Schattel, Henry Schroeder, Joyce Schroeder, Debra A. Schroeder, Edgar E. Sears, Lois J. Sears, Jerry P. Segel, Betty Segel, Rudolph V. Sepolio, Sr., Amalia C. Sepolio, James R. Sneed, Patricia A. Sneed, James G. Stack, Barbara J. Stack, Glen S. Stanford, Mary M. Stanford, Ronald E. Stasky, Dorothy Stasky, Fannie Jo Money–Stickland, Joe E. Toetter, Maria M. Toetter, Jack F. Tyler, Nanette Tyler, Nita Upton, Scott G. Vaughan, Jr., Helen Vaughan, Samuel C. Vernon, Virginia Vernon, Paul A. Walker, John E. Walston, Pamela J. Walston, Cheryl White, Devin White, Deborah White, Jerry M. Wilburn, Shirley M. Wilburn, Marilee Williams, Peggy L. Willis, Reginald D. Wood, Gary D. Wood, Durinda S. Wood, James C. Woodford, Susan J. Similer, William R. Wright, Carolyn J. Wright, Christine York, Nathan Zainfeld, E.D. Zamorsky, Shirley Zamorsky, Linda Zapalac, and Robert Zavalla, Appellees.

No. 01–98–00705–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 18, 1999.

James A. Newsom, Houston, Benjamin H. Best, II, Pearland, George Bashier Murr, Sandra D. Hachem, Patricia McGarvey Rosendahl, Mario L. Vasquez, Houston, Randall M. Ward, Susan Desmarais Bonnen, Austin, Jay S. Siskind, Dennis J. Albright, Chris E. Ryman, Robert E. Meadows, James Riley, Houston, for Appellants.

Dennis C. Reich, Benton Musslewhite, Elaine Watson, Newton Schwartz, Houston, for Appellees.

Panel consists of Justices COHEN, HEDGES, and TAFT.

## OPINION ON MOTION FOR REHEARING

TIM TAFT, Justice.

Appellants, Harris County Flood Control District (HCFCD), Texas Department of Transportation (TDT), and Brazoria Drainage District Number 4 (BDD4), have filed motions for rehearing. After reviewing the motions, we withdraw the opinion we issued on November 19, 1998, and issued the following opinion in its place.

This is an appeal from an interlocutory order overruling appellants' pleas to the jurisdiction. Appellants are "governmental units" as defined by section 101.001 of the Texas Civil Practice and Remedies Code, and appeal pursuant to section 51.014(a)(8) of that code. We address whether a Mother Hubbard clause in a severance order disposes of all parties and claims in the original case as well as the severed case. We affirm.

### Procedural History

The 220 appellees in this case sued more than 50 defendants under cause number 95G2299 (Original Case). These defendants included the City of Pearland (Pearland), Brazoria County Flood Plain Administration (Brazoria County), and appellants. In the Original Case, appellees alleged that the defendants' involvement in the construction of Beltway 8, the associated drainage system, and other improvements, caused appellees' property to flood. Pearland and Brazoria County filed summary judgment motions, which the trial court granted on March 28, 1996. The order granting summary judgment also ordered that Pearland and Brazoria County be severed from the cause of action. This was accomplished by a separate severance order that the court signed the same day. Appellees' claims against Pearland and Brazoria County were severed from the Original Case and placed under Cause Number 95G2299-1 (Severed Case). The judgment in the Severed Case was affirmed by this Court. *Adam v. City of Pearland,* No. 01–96–00623–CV, 1997 Tex.App. 1997 WL 433407 (July 31, 1997, no writ) (not designated for publication).

On May 20, 1998, HCFCD filed, and BDD4 joined, a plea to the jurisdiction in the Original Case.[1] On May 22, 1998, TDT filed, and

---

1. Other defendants also filed pleas to the jurisdiction in May 1998. However, the trial court

BDD4 later joined, a plea to the jurisdiction of the trial court. The trial court denied both pleas. Appellants appeal these rulings.

### Plea to the Jurisdiction

The order severing Pearland and Brazoria County from of the Original Case contained the following Mother Hubbard clause: "All other relief not specifically granted is denied." Appellants contend that this Mother Hubbard clause not only disposed of all parties and claims in the Severed Case, but also disposed of all parties and claims in the Original Case. Because the parties to the Original Case neither asked the trial court to correct the severance order by removing the Mother Hubbard clause, nor perfected a timely appeal of the severance order, appellants argue that the judgment became final and unappealable as to all parties in the Original Case once the timetables for challenging the severance order ran. Appellants filed pleas to the jurisdiction asserting that the trial court lost jurisdiction over the Original Case on the date that the judgment became final and unappealable.

### A. Creating a Final, Appealable Judgment from a Partial Summary Judgment

■ A judgment is final and appealable only if it disposes of all parties and all claims in the case. *North East Indep. Sch. Dist. v. Aldridge,* 400 S.W.2d 893, 895 (Tex.1966). In *Mafrige v. Ross,* the Supreme Court recognized that a summary judgment order that does not dispose of all issues and all parties is generally interlocutory and not appealable in the absence of a severance. 866 S.W.2d 590, 591 (Tex.1993). However, the court held that if the order granting summary judgment contains a Mother Hubbard clause, the judgment is final and appealable. *Id.* at 592. Therefore, when a partial summary judgment is entered, the judgment becomes final and appealable if one of the following occurs:

(1) the order granting summary judgment includes a Mother Hubbard clause; or

(2) the trial court signs an order severing the parties and claims addressed by

the summary judgment motion into a separate case.

*See id.*

■ Once a partial summary judgment becomes a final and appealable judgment, the timetables for challenging the judgment begin to run. TEX.R. CIV. P. 329b(d) (timetable for trial court to grant new trial or vacate, modify, correct, or reform the judgment); Tex. R.APP. P. 26.1 (appellate timetable). When the judgment erroneously disposes of a party who was not addressed by the summary judgment motion, that party has two alternatives:

(1) ask the trial court to correct the erroneous judgment, while the trial court retains plenary power over its judgment; or

(2) perfect a timely appeal challenging the erroneous judgment.

*Kaigler v. General Elec. Mortgage Ins. Corp.,* 961 S.W.2d 273, 275 (Tex.App.—Houston [1st Dist.] 1997, no writ). If the erroneously-disposed-of party does not use either of these alternatives, the erroneous summary judgment becomes final and unappealable as to that party. *Id.* (citing *Inglish v. Union State Bank,* 945 S.W.2d 810, 811 (Tex.1997)). Appellants rely on *Kaigler* for their argument that appellees' failure to either ask the trial court to correct the severance order by removing the Mother Hubbard clause, or perfect a timely appeal of the severance order, resulted in a judgment disposing of all parties and claims in the Original Case becoming final and unappealable once the timetables for challenging the severance order ran.

### B. Effect of a Mother Hubbard Clause in a Severance Order

Appellants contend that a Mother Hubbard clause in a severance order should operate to create a final judgment as to all parties in both the original case and the severed case. To support their argument, appellants rely on the following footnote from the supreme court's opinion in *Bandera Electric Cooperative, Inc. v. Gilchrist:*

has not ruled on those. J.D. Abrams, Inc., one of those defendants, has submitted an amicus curi-

ae brief containing arguments similar to appellants'.

The *Martinez* case involved a partial summary judgment order *without a Mother Hubbard clause.* Several defendants had moved for summary judgment on limitations grounds, but others had not. The trial court granted the summary judgment and then severed the plaintiffs' claims against the defendants that had moved for summary judgment. While the *severance order had a Mother Hubbard clause that would have created a final and appealable judgment,* the order also expressly allowed other defendants who had not moved for summary judgment to be added to the severed cause once they did move for summary judgment. Accordingly, defendants could have been added to the severed cause *after* the time for appeal had expired. We concluded that this order necessarily contemplated a later final order unambiguously designating all parties encompassed by the order. Therefore, no final judgment existed, and the appeal had to be dismissed in its entirety.

946 S.W.2d 336, 338 n. 2 (italicized emphasis in original; bold-italicized emphasis added). Appellants rely on the phrase from this footnote that states "the severance order had a Mother Hubbard clause that would have created a final and appealable judgment...." Appellants interpret this phrase to mean that the judgment would have been final and appealable as to all parties and claims in the severed cause as well as all parties and claims remaining in the original cause.

■ In *Martinez,* the supreme court was addressing the appeal of a severed cause, rather than the appeal of an original cause. *Martinez v. Humble Sand & Gravel, Inc.,* 875 S.W.2d 311 (Tex.1994). The court noted that the severance order demonstrated the trial court's "stated intention of making the summary judgment final and subject to appeal." *Id.* at 313. We read the *Bandera* footnote, in light of the facts in *Martinez,* to mean that but for the severance order's contemplation of a later final order, the Mother Hubbard clause in the severance order would have created a final and appealable judgment only as to the parties and claims in the severed cause. Therefore, we hold that when a trial court enters a severance order with the stated intention of making a summary judgment final and appealable, the Mother Hubbard clause in such a severance order creates a final and appealable judgment *only* as to the parties and claims in the severed cause.

■ In the present case, the first paragraph of the severance order in question provides:

Having granted the Motions for Summary Judgment filed by the City of Pearland ("City") and the Brazoria County Flood Plain Administration ("County"), the Court further concludes that it is appropriate that Plaintiffs' claims against the City and the County be severed at this time and made the subject of a separate action *so that final judgment may be entered.*

(Emphasis added). Accordingly, the Mother Hubbard clause in the present case did not operate to create a final and appealable judgment as to the parties and claims in the Original Case. Instead, the clause merely created a final and appealable judgment as to the parties and claims in the severed case. Accordingly, the trial court retains jurisdiction over the Original Case.

We overrule appellant's sole point of error.

### Conclusion

We deny appellants' motions for rehearing and affirm the trial court's denial of appellants' pleas to the jurisdiction.

A unanimous Court voted to deny the motion for rehearing en banc.

Justices WILSON and TAFT concur in the overruling of the motion for rehearing en banc.

TIM TAFT, Justice, concurring on denial of en banc rehearing.

What began as a benign growth allowing review of unripe claims on appeal, in *Mafrige,*[1] became a malignant cancer cutting off causes of action before trial, in *Inglish.*[2] If it were up to me, I would lock Mother Hubbard in the cupboard and return to the rule before

---

1. *Kaigler,* 961 S.W.2d at 277–78 (Justice Wilson dissenting).

2. *Mafrige v. Ross,* 866 S.W.2d 590 (Tex. 1993).

*Aldridge*[3] that a judgment is final and appealable only if it expressly disposes of all parties and all claims in the case. That appellants can even cite authority for the absurd result they seek, illustrates how wrong a turn the law has taken in this area— and how strong the need to right it.

A unanimous Court voted to deny the motion for rehearing en banc.

DAVIE L. WILSON, Justice, concurring on denial of en banc rehearing.

By the narrowest of margins, the latent danger in *Kaigler v. General Elec. Mort. Ins. Corp.*, 961 S.W.2d 273 (Tex.App.—Houston [1st Dist.] 1997, no writ)[1] has been narrowly averted in this case. In my opinion, *Kaigler* was decided incorrectly. It does not follow *Mafrige*[2] and *Inglish*[3] as it purports to do, and, in fact, dramatically alters longstanding law. The near miss of unjustly terminating the causes of action of over 200 plaintiffs in this case should be ample warning, but apparently it is not.

A unanimous Court voted to deny the motion for rehearing en banc.

**3.** *Inglish v. Union State Bank,* 945 S.W.2d 810 (Tex. 1997).

**1.** *Kaigler,* 961 S.W.2d at 277–78 (Justice Wilson dissenting).

**2.** *Mafrige v. Ross,* 866 S.W.2d 590 (Tex.1993).

