Brenda KISTLER, Larry L. Bobbitt, and Al Grice, Appellants,

v.

Dr. Don C. STRAN and Robert Jaffe, Appellees.

No. 14–00–00078–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 15, 2000.

J. Anthony Hale, L.T. Bradt, Houston, for appellants.

Bradley L. Deluca, James A. Gieseke, Houston, for appellees.

Panel consists of Justices MAURICE E. AMIDEI, ANDERSON, and FROST.

**O P I N I O N**

PER CURIAM.

This is an appeal from a summary judgment. On May 15, 2000, appellees filed a motion to dismiss the appeal for want of jurisdiction and a request for sanctions.

In their notice of appeal, appellants stated that the judgment appealed from was an order dated December 10, 1999. This notice of appeal was filed December 30, 1999. When this court received the clerk's record, the only order in the record was the December 10, 1999, order. However, when appellees filed their motion to dismiss, they stated that an order signed October 4, 1999, was the final judgment because it contains "Mother Hubbard" language. A file-stamped copy of this order was attached to appellees' motion. In light of this contention, this court contacted the Harris County District Clerk's Office and upon investigation determined that the trial court did sign an order on October 4, 1999. We instructed the district clerk to file a supplemental clerk's record in this court containing a copy of that order. The supplemental clerk's record was filed June 2, 2000.

The order signed on October 4, 1999, is an order granting "DR. DON C. STRAN'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO THE CLAIMS OF PLAINTIFFS BRENDA KISTLER, AL GRICE AND LARRY BOBBITT." Though this order clearly does not dispose of all the parties in the case, the last line of the order is a Mother Hubbard clause that states "All relief not expressly granted herein is denied." In *Mafrige v. Ross,* 866 S.W.2d 590, 592 (Tex.1993), the supreme court held that Mother Hubbard language, or its equivalent, makes an otherwise partial summary judgment final for purposes of appeal.

■ In a case with similar facts, the supreme court held that, when a summary judgment order contains language of finality, such as Mother Hubbard language, the nonmovant waives his right to appeal unless (1) he asks the trial court to correct the summary judgment while the court retains plenary power, or (2) he perfects a timely appeal of the summary judgment. *See Inglish v. Union State Bank*, 945 S.W.2d 810, 811 (Tex.1997). Because the appellant in *Inglish* did neither of these, the court held that the intermediate appellate court erred in determining it had jurisdiction to reach the merits of the appeal. *See id.*

■ *Inglish* is dispositive in this case. The summary judgment order in this case contained language purporting to make the judgment final because it contained Mother Hubbard language. Accordingly, to avoid waiver, appellants were required either to ask the trial court to correct the October 4, 1999, order while the trial court retained plenary power or to perfect a timely appeal from the October 4, 1999, order. Because no motion for new trial was filed, appellants' notice of appeal had to be filed on or before November 3, 1999. As we stated, it was not filed until December 30, 1999.

We recognize that the issue raised by the motion to dismiss turns on a matter now being considered by the supreme court in *Lehmann, et al. v. Har–Con Corp.*, 988 S.W.2d 415 (Tex.App.-Houston [14th Dist.] 1999, pet. granted). In *Lehmann*, a panel of this court held that a summary judgment that did not dispose of all parties and claims, but contained a Mother Hubbard clause, was final and appealable, and therefore, the appellant's notice of appeal was untimely. *See id.* at 415. The supreme court granted the ap-

pellant's petition for review, but has not yet ruled. Because we cannot predict the outcome of that appeal or when the opinion will issue, we decline to delay our decision in this matter.

Furthermore, we believe our decision is *Lehmann* is consistent with supreme court precedent. In *Bandera Elec. Co-op., Inc. v. Gilchrist*, 946 S.W.2d 336 (Tex.1997), the supreme court reiterated its holding in *Mafrige:*

> In *Mafrige*, this Court concluded that the inclusion of Mother Hubbard language or its equivalent in an order granting summary judgment makes an otherwise partial summary judgment final for appellate purposes. While we recognized that a summary judgment order that does not dispose of all issues and all parties is generally interlocutory and not appealable in the absence of a severance, we held that a summary judgment order with Mother Hubbard language should be treated as final for purposes of appeal.

*Gilchrist*, 946 S.W.2d at 337 (citations omitted). Although the *Gilchrist* case involved a motion for summary judgment that did not seek adjudication on all claims, rather than a party as is involved in the instant case, we construe the supreme court's language quoted above as a broadly applicable rule, not restricted to the facts in that case.

Other courts of appeals have applied this rule in cases where the summary judgment motion did not seek judgment as to all parties. *See John v. Marshall Health Serv., Inc.*, 12 S.W.3d 888 (Tex.App.-Texarkana 2000, no pet.); *Kaigler v. General Elec. Mortgage Ins. Corp.*, 961 S.W.2d 273 (Tex.App.-Houston [1st Dist.] 1997, no pet.).[1] For example, in *Kaigler*, the plain-

---

1. *But see Lowe v. Teator*, 1 S.W.3d 819 (Tex. App–Dallas 1999, pet. filed) (concluding that Mother Hubbard language does not always convert an otherwise interlocutory order into a final judgment); *Rodriguez v. NBC Bank*, 5 S.W.3d 756 (Tex.App.-San Antonio 1999, no pet.) (finding Mother Hubbard language am-

biguous and holding that order containing this language was interlocutory); *Vanderwiele v. Llano Trucks, Inc.*, 885 S.W.2d 843 (Tex. App.-Austin 1994, no writ) (finding order that disposed of only one defendant's motion for summary judgment interlocutory despite inclusion of Mother Hubbard language). The

tiff moved for summary judgment against one of two defendants. 961 S.W.2d at 274. The motion did not seek to adjudicate the plaintiff's claims against the other defendant, or this defendant's counterclaims and cross-claim. *See id.* The trial court entered an order granting the motion and included a Mother Hubbard clause. *See id.* A majority of the appellate court panel held that the judgment was final and appealable and that appellant failed to perfect a timely appeal. *See id.* at 276.

In the instant case, appellee Dr. Don C. Stran moved for partial summary judgment as to the claims of Brenda Kistler, Al Grice, and Larry Bobbitt. The order signed on October 4, 1999, disposes of those parties, but it does not dispose of the remaining parties to the action. The trial court's order specifically states it concerns only Stran's motion, but it also contains Mother Hubbard language, evidencing its intent to render a final judgment. *See Gilchrist,* 946 S.W.2d at 337.

Because the trial court's judgment clearly evidences its intent to render a final judgment, we hold that the trial court's judgment of October 4, 1999, was final and appealable. Therefore, appellant's notice of appeal, filed on December 30, 1999, was untimely.

Having found that appellants' notice of appeal was untimely filed, we grant appellees' motions to dismiss and we dismiss the appeal for lack of jurisdiction.

■ In addition to asking the court to dismiss appellants' appeal, appellees have asked the court to impose sanctions against appellants for filing a frivolous appeal. *See* Tex.R.App. P. 45. We decline.

■ If a court of appeals determines that an appeal is frivolous, it may, after notice and a reasonable opportunity for

response, award just damages to the prevailing parties. *See id.* Whether to grant sanctions is a matter of discretion, which we exercise with prudence and caution, after careful deliberation. *See Chapman v. Hootman,* 999 S.W.2d 118, 124 (Tex. App.-Houston [14th Dist.], 1999 no pet.). We will impose sanctions only in circumstances that we find truly egregious. *See id.* In determining whether sanctions are appropriate, we consider the record from appellant's point of view at the time appeal was perfected. *See id.* Among the factors to consider are whether appellant had a reasonable expectation of reversal and whether he pursued the appeal in bad faith. *See id.*

In applying these factors to this case, we acknowledge that the various courts of appeals are inconsistent in their interpretation of *Mafrige.* Compare *Rodriguez,* 5 S.W.3d at 763–65 *with John,* 12 S.W.3d at 889–90. Although we believe supreme court authority clearly mandates a finding that appellants' notice of appeal in this case was untimely filed, we decline to find that this determination renders the appeal frivolous given the conflicting case law on this issue.

In conclusion, we decline to impose sanctions under rule 45 as requested by appellees, but we grant appellee's motion to dismiss. Accordingly, the appeal is dismissed for want of jurisdiction.

Beaumont Court of Appeals has added a third approach. Rather than considering the appeal and reversing as to claims or parties not adjudicated, or finding the order interlocutory and dismissing the appeal, the Beaumont court abates the appeal and orders the trial court either to "(1) enter an order severing

the claims disposed of in the summary judgment order from those apparently still pending . . ., or (2) enter some sort of order or judgment disposing of all of [appellant's] claims. . . ." *Midkiff v. Hancock East Tex. Sanitation, Inc.,* 996 S.W.2d 414, 416 (Tex. App.-Beaumont 1999, no pet).