**AMERIVEST INCORPORATED,**
Appellant,

v.

**BLUEBONNET SAVINGS BANK, FSB, Appellee.**

No. 2–94–138–CV.

Court of Appeals of Texas, Fort Worth.

April 13, 1995.

Rehearing Overruled May 25, 1995.

**514**

Sloan B. Blair, Perry J. Cockerell, Cantey & Hanger, L.L.P., Fort Worth, for appellant.

James F. Boyle, Eagle & Boyle, P.C., Grand Prairie, for appellee.

Before CAYCE, C.J., LIVINGSTON, J., and PATRICE M. BARRON, Former Justice, sitting by Assignment.

## OPINION

LIVINGSTON, Justice.

Amerivest Incorporated ("Amerivest"), appellant, appeals from an order of the trial court denying Amerivest's Motion for Summary Judgment, granting Bluebonnet Savings Bank, FSB ("Bluebonnet"), appellee's Motion for Summary Judgment, as well as the trial court's order overruling Amerivest's Objections to Bluebonnet's Summary Judgment Proof and denying Amerivest's claim for attorneys' fees.

We dismiss this appeal because this court lacks jurisdiction since the trial court's orders granting and denying the summary judgments are interlocutory for failing to dispose of all claims prayed for in the pleadings below and the corresponding motions for summary judgment. *Teer v. Duddlesten,* 664 S.W.2d 702, 703 (Tex.1984) (op. on reh'g).

While a full discussion of the facts is not needed, a highlight of them will be useful regarding the trial court's disposition of the claims.

The case below is a dispute regarding the existence and/or validity of a Participation Agreement in a particular note that was ultimately held by Amerivest. In 1992, the RTC sold several pools of loans formerly held by Bright Banc Savings Association ("Bright"). One of these notes, which is the subject of the underlying cause of action, was a $596,-250 note ("Van Riet Note") payable to First Federal Savings & Loan Association of Dal-las ("First Federal Dallas"). The makers of the note were Morris F. Hamilton, Jr. and Lieven Van Riet. There is some evidence that First Federal Dallas and First Federal Savings & Loan Association of Big Spring ("Big Spring") entered into a Loan Participation Agreement on or about August 21, 1975, wherein First Federal Dallas sold a 90% participation interest in the Van Riet note to Big Spring. First Federal Dallas was to maintain its 10% interest in the Van Riet Note and its lead bank position and to act as the servicer of the loan and remit to Big Spring its 90% interest in the Van Riet Note.

Ultimately, Bright acquired the lead bank position that First Federal Dallas had held; *i.e.,* the 10% "lead bank position." The RTC was subsequently appointed receiver for Bright and on March 5, 1992, Amerivest acquired the 10% interest and lead bank position in the Van Riet Note.

Meanwhile, Big Spring was declared insolvent and the FSLIC was appointed receiver on December 22, 1988. Bluebonnet subsequently acquired its 90% participation interest. After Amerivest acquired Bright's lead bank position, payments on the Van Riet Note were no longer remitted to Bluebonnet and Bluebonnet sued, asserting the following causes of action:

1) declaratory judgment under the Texas Civil Practice & Remedies Code Chapter 37;

2) imposition of constructive trust;

3) breach of contract;

4) conversion with request for exemplary damages; and

5) attorneys' fees and costs under two provisions of the Texas Civil Practice and Remedies Code, §§ 37.009 (declaratory judgment) & 38.001 (recovery of attorneys' fees in pursuing a claim on a written contract).

Amerivest counterclaimed, in essence seeking declaratory relief that it was a holder in due course under federal law and the *D'Oench, Duhme* doctrine and its progeny under 12 U.S.C. § 1823(e) and praying for its costs *and* attorneys' fees pursuant to Texas Civil Practice & Remedies Code § 37.009.

Bluebonnet filed for summary judgment on December 12, 1993 under its claims for:

1) declaratory judgment;

2) constructive trust;

3) breach of contract; and

4) attorneys' fees under both 37.009 & 38.001 of the Texas Civil Practice & Remedies Code.

Bluebonnet did not, however, seek summary judgment on its cause of action for conversion wherein it sought exemplary damages.

Amerivest, in turn, filed its own Motion for Summary Judgment seeking a declaration that it was a holder in due course and seeking its costs and legal fees. Additionally, Bluebonnet and Amerivest filed responses to each other's motions.

The hearing on both motions and the objections raised in Amerivest's response was held on January 14, 1994. On that day, the trial court signed the Summary Judgment in favor of Bluebonnet in one order, an Order Denying Amerivest Incorporated's Motion for Summary Judgment in another order, and a third order, Order on Amerivest Incorporated's Objections to Bluebonnet Savings Bank, FSB's Motion for Summary Judgment.[1] None of the orders grants or denies costs or attorneys' fees as prayed for by both parties in their pleadings and in their respective motions. Further, the summary judgment granted in favor of Bluebonnet fails to dispose of the claim for exemplary damages under Bluebonnet's conversion theory.

■ While it is quite clear the trial court made every effort to dispose of the matter in its entirety, we find that the failure to address the claims for attorneys' fees and costs asserted in the parties' pleadings and motions affects the finality of the judgments.

■ In *Teer*, 664 S.W.2d at 702, the Texas Supreme Court analyzed the finality of summary judgments for purposes of appeal,

noting that in order for a party to appeal from a summary judgment, the judgment itself must be final and dispose of all issues and parties. *Id.* at 703. "A summary judgment that does not dispose of all the parties or issues is one that is interlocutory." *Id.* (citing *Hunt Oil Co. v. Moore*, 639 S.W.2d 459 (Tex.1982) and *Pan Am. Petroleum Corp. v. Texas Pac. Coal & Oil Co.*, 159 Tex. 550, 324 S.W.2d 200 (1959)). The court continued saying, "A summary judgment that does not dispose of all the parties or issues is one that is interlocutory ... [and] may be made final if the judgment severs the issues and parties that are left unadjudicated." *Teer*, 664 S.W.2d at 703. The *Teer* court continued by discussing the important differences applicable to judgments entered *after* a full trial on the merits as opposed to judgments entered on motions only. The presumption of finality of judgments applicable to judgments entered after a conventional trial does not apply to summary judgments. *Id.* at 704. The *Teer* opinion stated that the use of traditional Mother Hubbard clauses and the presumptions created by their use are simply inapplicable to summary judgment proceedings. *Id.*

■ In the more recent case of *Mafrige v. Ross*, 866 S.W.2d 590 (Tex.1993), the Texas Supreme Court again struggled with the subtleties of determining the finality of summary judgments. The court revisited the issue of the application of a general Mother Hubbard clause to summary judgment orders. The court, in an about face, found that the use of Mother Hubbard clauses will be considered in analyzing the finality of summary judgments for purposes of appeal. *Mafrige*, 866 S.W.2d at 590, 592 (citing *North East Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 898 (Tex.1966)). The more common sense approach used by the *Mafrige* court requires courts to look at a summary judgment order and determine whether it "appears to be

---

1. Generally, an order denying a motion for summary judgment is interlocutory. *Novak v. Stevens*, 596 S.W.2d 848, 849 (Tex.1980). An exception exists, however, when both parties file for summary judgment, and the court grants one motion and overrules the other. *Tobin v. Garcia*, 159 Tex. 58, 316 S.W.2d 396, 400 (1958). The order denying summary judgment then becomes

final for purposes of appeal. *Id.* While a trial court may dispose of a case in a series of orders, *Ramirez v. Pecan Deluxe Candy Company*, 839 S.W.2d 101, 105 (Tex.App.—Dallas 1992, writ denied), the better practice is to dispose of all parties and issues in one order to the extent practicable.

final, as evidenced by the inclusion of language purporting to dispose of all claims or parties, the judgment should be treated as final for purposes of appeal." *Id.* at 592. "[L]itigants should be able to recognize a judgment which on its face purports to be final, and courts should be able to treat such a judgment as final for purposes of appeal." *Id.*

In the present case, it is obvious the trial court went to great lengths to enter complete orders that addressed both the motions before it as well as the objections to the summary judgment proof. This is supported by the fact that the court carefully drew three separate orders addressing all issues raised by the motions for summary judgment and the responses, *except for attorneys' fees and costs and the one claim of Bluebonnet for conversion,* the latter of which had not been presented in its motion for summary judgment. None of the orders, however, include a traditional Mother Hubbard clause stating that "all relief not expressly granted is denied" or any other statement indicating that the court intended to dispose of all parties and all issues raised by the pleadings or that all relief not granted is denied. For this reason, coupled with the Texas Supreme Court's clear mandate to resolve summary judgment issues at the appellate court level, we find this summary judgment order interlocutory and order this appeal dismissed.