**Rick HERVEY and Sheri Hervey, Individually and as Next Friend of Ricky Hervey and Katherin Hervey, Appellants,**

v.

**Sherleen Lockhart FLORES a/k/a Sherleen Hervey, Ned Euseppi, and H.R. Fenstermacher, Appellees.**

No. 08–97–00141–CV.

Court of Appeals of Texas, El Paso.

Jan. 23, 1998.

Rehearing Overruled March 27, 1998.

Pat Long, Kevin D. Green, Patton Boggs,
L.L.P., Dallas, for Appellants.

Joseph S. Horrigan, Horrigan & Goehrs, Houston, John P. Mobbs, Beck & Given, El Paso, James M. Speer, Jr., El Paso, Jack W. Lawter, Jr., Lawter & Lawter, Houston, E. Link Beck, E. Link Beck & Associates, El Paso, for Appellees.

Before BARAJAS, C.J., and LARSEN and McCLURE, JJ.

## OPINION

BARAJAS, Chief Justice.

We are presented with yet another chapter in the continuing conflict of the Hervey family. Frederick T. Hervey, Jr. ("Rick"); his wife, Sheri; and their children, Ricky and Katherin (collectively "the Hervey family"), appeal from an order granting Appellees' Pleas to the Jurisdiction. For the reasons stated below, we reverse and remand the cause to the trial court for further proceedings.

## I. SUMMARY OF THE EVIDENCE

This Court previously considered whether the orders granting summary judgment were final and thus appealable.[1] Because the record did not reflect a severance or a nonsuit, we ruled that the counterclaim and the motion for sanctions were live issues and dismissed the appeal for want of jurisdiction. *See Hervey v. Flores*, No. 08–95–00244–CV (Tex.App.—El Paso, April 25, 1996, no writ).

Appellants proceeded to file additional amended petitions and discovery requests. Appellees responded with Pleas to the Jurisdiction and Motions for Protective Order. On January 13, 1997, the trial court considered the Pleas to the Jurisdiction filed by Appellees. After determining that its June 23, 1995 judgment was a final judgment and that its plenary power expired on July 23, 1995, the court granted the pleas to the jurisdiction. This appeal followed.

## II. DISCUSSION

Appellants bring one point of error arguing that the trial court retains plenary jurisdiction because its orders granting summary judgment did not dispose of all issues.[2]

### Standard of Review

The standard of review of a plea to the jurisdiction is a factual sufficiency review, not a de novo review. *See Hotel Partners v. KPMG Peat Marwick*, 847 S.W.2d 630, 632 (Tex.App.—Dallas 1993, writ denied). As the trier of fact, the trial judge may draw reasonable inferences from the evidence. *IFG Leasing Co. v. Ellis*, 748 S.W.2d 564, 565–66 (Tex.App.—Houston [1st Dist.] 1988, no writ). We may not disregard the trial court's findings of fact on appeal if the record contains some evidence of probative value from which these inferences may be drawn. *Valencia v. Garza*, 765 S.W.2d 893, 896 (Tex. App.—San Antonio 1989, no writ). However, if the findings are so contrary to the overwhelming weight of the evidence as to be manifestly wrong, we may disregard the findings. *Id.* Although a party may not challenge a trial court's conclusions of law for factual sufficiency, we may review the conclusions the trial court draws from the facts to determine their correctness. *Mercer v. Bludworth*, 715 S.W.2d 693, 697 (Tex.App.— Houston [1st Dist.] 1986, writ ref'd n.r.e.).

### Appellate Timetables

When a judgment is interlocutory because unadjudicated parties or claims remain before the court, and when one moves to have such unadjudicated claims or parties removed by severance, dismissal, or nonsuit, the appellate timetable runs from the signing of the judgment or order disposing of those claims or parties. *Martinez v. Humble Sand & Gravel, Inc.*, 875 S.W.2d 311, 313 (Tex. 1994). Even though the motion for nonsuit is effective as soon as it is filed, the appellate timetable begins on the date the trial court signs the order of dismissal. *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex.1995);

---

1. Since the relevant facts and procedural history of the appeal are recited in our April 25, 1996 opinion, we will not repeat them here.

2. The trial court actually retains original jurisdiction, not plenary jurisdiction, if live pleadings remain in the case.

*Avmanco, Inc. v. City of Grand Prairie,* 835 S.W.2d 160, 163 (Tex.App.—Fort Worth 1992, writ dism'd); *Harris Cty. Appr. Dist. v. Wittig,* 881 S.W.2d 193, 194 (Tex.App.—Houston [1st Dist.] 1994, orig. proceeding). The period within which one must perfect an appeal is calculated from the time the judgment is signed, not from the filing of the pleading. TEX.R.APP.P. 26.1(a)[3]; *Farmer,* 907 S.W.2d at 496. After signing the order of dismissal, the court retains plenary power over the order for 30 days. *America's Favorite Chicken Co. v. Galvan,* 897 S.W.2d 874, 876 (Tex.App.—San Antonio 1995, writ denied); *Harris Cty.,* 881 S.W.2d at 194.

▆ In the case before us, the record does reflect that a Notice of Nonsuit was filed on June 22, 1995, however, the trial court has yet to sign an order dismissing Sherleen's counterclaim and motion for sanctions. Additionally, the trial court has not yet severed the claims of Fenstermacher and Euseppi. Without either order, the trial court retains jurisdiction over the case and thus erred in granting Appellees' Pleas to the Jurisdiction.

### Distinguishing Final Appealable Orders from Interlocutory Orders

▆ A summary judgment order is final only if it disposes of all parties and all issues in a case. *See North East Indep. School Dist. v. Aldridge,* 400 S.W.2d 893, 895 (Tex. 1966)("We have steadfastly adhered through the years to the rule ... that an appeal may be prosecuted only from a final judgment and that to be final a judgment must dispose of all issues and parties in a case."); *Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co.,* 159 Tex. 550, 324 S.W.2d 200, 200–01 (1959)("In our opinion a summary judgment which does not dispose of all parties

and issues in the pending suit is interlocutory and not appealable unless a severance of that phase of the case is ordered by the trial court."); *Rose v. Kober Fin. Corp.,* 874 S.W.2d 358, 362 (Tex.App.—Houston [14th Dist.] 1994, no writ). A partial summary judgment order is not appealable unless it is severed from the remainder of the case. *See Teer v. Duddlesten,* 664 S.W.2d 702, 704 (Tex.1984); *Pan American Petroleum Corp.,* 324 S.W.2d at 200–01. Absent a severance, the order remains interlocutory, and the party against whom it was entered may seek relief in an appellate court only after all other issues in the case or the claims asserted by or against any other party are finally resolved. *See City of Beaumont v. Guillory,* 751 S.W.2d 491, 492 (Tex.1988); *Pan American Petroleum Corp.,* 324 S.W.2d at 200–01. As a corollary to this rule, a final, appealable summary judgment may consist of a series of piecemeal orders.[4] *See Ramirez v. Pecan Deluxe Candy Co.,* 839 S.W.2d 101, 105 (Tex. App.—Dallas 1992, writ denied).

### Mother Hubbard Clauses

▆ An otherwise partial order granting summary judgment may become final if accompanied by a Mother Hubbard clause. *See Mafrige v. Ross,* 866 S.W.2d 590, 592 (Tex.1993)("If a summary judgment order appears to be final, as evidenced by the inclusion of language purporting to dispose of all claims or parties, the judgment should be treated as final for purposes of appeal."); *Schlipf v. Exxon Corp.,* 644 S.W.2d 453, 454 (Tex.1982).[5] However, the mere inclusion of such a clause does not automatically render all orders final for appellate purposes. *See Vanderwiele v. Llano Trucks, Inc.,* 885 S.W.2d 843, 844–45 (Tex.App.—Austin 1994, no writ)(holding that a summary judgment

---

3. Effective September 1, 1997, the Supreme Court amended and renumbered this rule from previous TEX.R.APP.P. 41(a)(1).

4. We note with approval that the Supreme Court Advisory Committee is considering an alteration in TEX.R.CIV.P. 300 to provide that when different parties or separate claims are disposed of by separate orders, no one of which by its terms disposes of all parties and claims, none of the orders are final until a judgment is signed that disposes of all parties and claims.

5. The Mother Hubbard language in *Schlipf* was all encompassing and clearly manifested the Court's intention to finally dispose of all claims and parties. This provision of the order provided:

> [T]he relief herein granted Plaintiffs, ... is in satisfaction of all of their claims and causes of action asserted in their Second Amended Petition herein and *all claims and/or causes of action herein asserted by all parties herein* and not herein granted are hereby in all things denied and concluded; .... [Emphasis added].

*Schlipf,* 644 S.W.2d at 454.

order granted in favor of one defendant and including a standard Mother Hubbard clause did not purport to dispose of the claims against the other defendant and was thus interlocutory); *Hinojosa v. Hinojosa,* 866 S.W.2d 67, 69–70 (Tex.App.—El Paso 1993, no writ)(holding that a summary judgment made no pretense at disposing of a counterclaim raised by a party who had not yet moved for summary judgment). It must be placed in the context of the order. *See Amerivest Inc. v. Bluebonnet Sav. Bank, FSB,* 897 S.W.2d 513, 515–16 (Tex.App.—Fort Worth 1995, writ denied). Only if the summary judgment order appears to be final by purporting to dispose of all claims or parties will the judgment be treated as final for purposes of appeal. *See Mafrige,* 866 S.W.2d at 592; *Amerivest,* 897 S.W.2d at 515–16. In other words, it is what the order, taken as a whole, purports to do that is critical to the inquiry. The intent contained in the order, as manifested in its language, must embrace all claims and all parties. If an otherwise outstanding claim logically cannot be brought within the grasp of the Mother Hubbard clause, the order is interlocutory.

 In this case, neither a severance nor a nonsuit of the counterclaim and the motion for sanctions appears in the record. *Cf. Rosedale Partners, Ltd. v. 131st Judicial Dist. Ct., Bexar County,* 869 S.W.2d 643, 647–48 (Tex.App.—San Antonio 1994, no writ)(finding a default judgment interlocutory because the Court found no evidence in the record that the plaintiff had abandoned its requests for prejudgment interest and attorney's fees). Furthermore, the existence of a counterclaim not otherwise resolved in a summary judgment order renders that order interlocutory. *See Chase Manhattan Bank v. Lindsay,* 787 S.W.2d 51, 52 (Tex.1990)(holding that "an order granting summary judgment as to one claim but not disposing of all issues presented in a counterclaim is an interlocutory judgment"). The question thus becomes whether the Mother Hubbard clause contained in the second order, dated June 23, 1995, purports to finally dispose of these issues. All of the defendants were aware of these issues and presumably recognized their implications to the finality of the judgment. Both Sherleen, in her supplemental motion for summary judg-

ment, and Euseppi and Fenstermacher, in their joint motion for summary judgment, requested that these claims be severed. Inexplicably, no severance was granted.

Accordingly, we find that our conclusion in the previous appeal remains correct: the June 23 order, when read in its entirety and in conjunction with the December 20 order, did not purport to dispose of either the counterclaim or the motion for sanctions. No attempt to deal with these issues may be gleaned from the language of either order. To hold otherwise would require us to stretch beyond all reason the language of these orders, and in particular, the Mother Hubbard clause of the June 23 order. It is difficult to believe that the words "[a]ll relief requested" contained in the Mother Hubbard clause encompasses Sherleen's counterclaim and motion for sanctions when neither the clause nor the order to which it was attached makes any reference to Sherleen or her claims. Thus, the sum of the relief granted in the orders, though granting no more relief than requested in the motions for summary judgment, is naturally less than the issues raised in the lawsuit. Therefore, the trial court retains jurisdiction and erred by granting the Appellees' Pleas to the Jurisdiction.

We reverse the order of the trial court and once again remand the cause to the trial court for further proceedings consistent with this opinion.