In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00001-CV
______________________________

CURTIS RAY WOLF, Appellant
 
V.
 
TEXAS DEPARTMENT OF CRIMINAL JUSTICE INSTITUTIONAL
DIVISION; JAMES CLEVELAND BROWN, Appellees

                                              

On Appeal from the 202nd Judicial District Court
Bowie County, Texas
Trial Court No. 03-C-2004-202

                                                 

Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

            Curtis Ray Wolf appeals from the denial of a motion for summary judgment. Wolf is an
inmate at the Barry Telford Correctional Facility in Bowie County, Texas. Wolf alleged in his
petition that he sustained injuries due to the alleged negligence of James Cleveland Brown. While
being transported by the Texas Department of Criminal Justice in a bus being driven by Brown, Wolf
alleges he sustained injuries in an accident. Wolf brought suit against Brown and the Texas
Department of Criminal Justice, Institutional Division.
            An appeal may be taken only from a final judgment. A judgment is final for purposes of
appeal if it disposes of all parties and all pending claims, except for matters necessary to carry out
the decree. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). The trial court signed the
order granting "Defendant Rupert's Chapter 14 Motion To Dismiss" April 6, 2004. However, this
motion did not dispose of the lawsuit against Brown. An order that disposes of claims by only one
of multiple plaintiffs or against only one of multiple defendants does not adjudicate claims by or
against other parties. Id. at 205. We note that a final, appealable summary judgment may consist
of a series of piecemeal orders. Hervey v. Flores, 975 S.W.2d 21, 24 (Tex. App.—El Paso 1998, pet.
denied). On May 3, 2004, Wolf filed a motion for summary judgment alleging that no genuine issue
of material fact exists concerning whether Brown's negligence caused Wolf's injuries. On
November 19, 2004, the trial court denied Wolf's motion for summary judgment because Brown was
"not a party to this cause of action due to defective service of citation." That order only denied the
plaintiff's motion for summary judgment, and is not a final judgment. See Novak v. Stevens, 596
S.W.2d 848, 849 (Tex. 1980).
            Interlocutory appeals are permitted only in limited instances. See Tex. Civ. Prac. & Rem.
Code Ann. § 51.014 (Vernon Supp. 2004–2005). The statute authorizing interlocutory appeals is
strictly construed because it is a narrow exception to the general rule that only final judgments and
orders are appealable. Montgomery County v. Fuqua, 22 S.W.3d 662, 664–65 (Tex.
App.—Beaumont 2000, pet. denied). Because an appeal from a denial of a motion for summary
judgment under these circumstances is not permitted under the statute, we have no jurisdiction over
this appeal. 
            We dismiss the appeal for want of jurisdiction.
 

                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          January 5, 2005
Date Decided:             January 6, 2005

anion appeal. For the reasons
stated in that appeal, cause number 06-01-00194-CR, we likewise rule on those contentions in favor of the State in this
appeal.

 The judgment of the trial court is affirmed.

 Ben Z. Grant

 Justice

Date Submitted: August 12, 2002

Date Decided: October 1, 2002

Do Not Publish

1. Tex. Pen. Code Ann. 22.021 (Vernon Supp. 2002).