In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00054-CV


______________________________




FAYE MARIE ANGEL, Appellant



V.



HOUSING AUTHORITY OF TEXARKANA, TEXAS, Appellee




 


On Appeal from the County Court at Law


Bowie County, Texas


Trial Court No. 08C0497-CCL




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 The appellee, Housing Authority of Texarkana, Texas, filed a motion July 11, 2008, to
dismiss this appeal due to appellant, Faye Marie Angel's, failure to timely file a brief. 

 The notice of appeal was filed May 1, 2008. The clerk's record was filed May 5, and the
reporter's record was filed June 2, 2008. Therefore, Angel's brief was due on or before July 2, 2008. 
It is now July 22, and neither a brief nor a motion for extension of time to file said brief has been
filed by Angel. Further, over ten days have elapsed since the filing of the Housing Authority's
motion. Angel has, therefore, had the time required by Rule 10.3 to file her response to this motion. 
See Tex. R. App. P. 10.3.

 Therefore, in accordance with Rule 42.3(c) of the Texas Rules of Appellate Procedure, we
grant the motion and dismiss this appeal. See Tex. R. App. P. 42.3(c).


 Bailey C. Moseley

 Justice


Date Submitted: July 21, 2008 

Date Decided: July 22, 2008




 at the Barry Telford Correctional Facility in Bowie County, Texas. Wolf alleged in his
petition that he sustained injuries due to the alleged negligence of James Cleveland Brown. While
being transported by the Texas Department of Criminal Justice in a bus being driven by Brown, Wolf
alleges he sustained injuries in an accident. Wolf brought suit against Brown and the Texas
Department of Criminal Justice, Institutional Division.
            An appeal may be taken only from a final judgment. A judgment is final for purposes of
appeal if it disposes of all parties and all pending claims, except for matters necessary to carry out
the decree. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). The trial court signed the
order granting "Defendant Rupert's Chapter 14 Motion To Dismiss" April 6, 2004. However, this
motion did not dispose of the lawsuit against Brown. An order that disposes of claims by only one
of multiple plaintiffs or against only one of multiple defendants does not adjudicate claims by or
against other parties. Id. at 205. We note that a final, appealable summary judgment may consist
of a series of piecemeal orders. Hervey v. Flores, 975 S.W.2d 21, 24 (Tex. App.—El Paso 1998, pet.
denied). On May 3, 2004, Wolf filed a motion for summary judgment alleging that no genuine issue
of material fact exists concerning whether Brown's negligence caused Wolf's injuries. On
November 19, 2004, the trial court denied Wolf's motion for summary judgment because Brown was
"not a party to this cause of action due to defective service of citation." That order only denied the
plaintiff's motion for summary judgment, and is not a final judgment. See Novak v. Stevens, 596
S.W.2d 848, 849 (Tex. 1980).
            Interlocutory appeals are permitted only in limited instances. See Tex. Civ. Prac. & Rem.
Code Ann. § 51.014 (Vernon Supp. 2004–2005). The statute authorizing interlocutory appeals is
strictly construed because it is a narrow exception to the general rule that only final judgments and
orders are appealable. Montgomery County v. Fuqua, 22 S.W.3d 662, 664–65 (Tex.
App.—Beaumont 2000, pet. denied). Because an appeal from a denial of a motion for summary
judgment under these circumstances is not permitted under the statute, we have no jurisdiction over
this appeal. 
            We dismiss the appeal for want of jurisdiction.
 


                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          January 5, 2005
Date Decided:             January 6, 2005