COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



GRACIELA SIFUENTES,


 Appellant,


v.


OLE CHEVROLET, L.P., D/B/A
MIDWAY CHEVROLET AND SERVICE
LIFE AND CASUALTY INSURANCE
COMPANY,


 Appellees.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-10-00072-CV



Appeal from the


County Court at Law No. 3


of El Paso County, Texas


(TC# 2008-779)


MEMORANDUM OPINION


 Pending before the Court is Appellant's motion to dismiss the appeal for lack of jurisdiction. 
Appellant filed suit against Ole Chevrolet, L.P., d/b/a Midway Chevrolet ("Chevrolet") and Service
Life and Casualty Insurance Company ("Service") for fraud, breach of fiduciary duty, and breach of
contract. Chevrolet counterclaimed for fraud. Subsequently, Chevrolet and Service jointly moved
for summary judgment on traditional and no-evidence grounds based on Appellant's claims. The
trial court granted summary judgment in favor of Chevrolet and Service, and ordered Appellant's
claims dismissed with the notation that "all relief sought by any party which is not expressly granted
herein is denied." Appellant then filed a notice of appeal.

 While researching his issues for appeal, Appellant discovered that the trial court has not yet
ruled on Chevrolet's counterclaim for fraud. Our own review of the record supports Appellant's
finding. Thus, Appellant contends that the appeal is interlocutory and that we lack jurisdiction to
entertain it. Neither Chevrolet nor Service has filed a response. We agree with Appellant that we
lack jurisdiction over the appeal.

 As a general rule, an appeal may be taken only from a final judgment. See Lehmann v.
Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). When, as here, there has been no conventional
trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes
of every pending claim and party or clearly and unequivocally states that it finally disposes of all
claims and parties. Id. at 205. If the order does not dispose of all issues and all parties, it is
interlocutory and therefore not appealable absent express statutory authorization, severance,

dismissal, or non-suit. Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992); Hervey v.
Flores, 975 S.W.2d 21, 24 (Tex. App.-El Paso 1998, pet. denied). Here, nothing in the record
reflects that Chevrolet's counterclaim was severed, dismissed, or non-suited, and we can find no
statute that expressly authorizes an interlocutory appeal of a summary-judgment order that does not
dispose of all claims against all parties. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon
2008) (providing when an interlocutory order is appealable). Thus, because the trial court has not
disposed of Chevrolet's counterclaim, we conclude we have no jurisdiction over this interlocutory
appeal. We therefore grant Appellant's motion and dismiss the appeal for want of jurisdiction. See
Tex. R. App. P. 42.3(a).


 GUADALUPE RIVERA, Justice

April 21, 2010


Before Chew, C.J., McClure, and Rivera, JJ.