COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| GRACIELA SIFUENTES, | § | |
| | | No. 08-10-00072-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | County Court at Law No. 3 |
| OLE CHEVROLET, L.P., D/B/A | § | |
| MIDWAY CHEVROLET AND SERVICE | | of El Paso County, Texas |
| LIFE AND CASUALTY INSURANCE | § | |
| COMPANY, | | (TC# 2008-779) |
| | § | |
| Appellees. | | |

## **MEMORANDUM OPINION**

Pending before the Court is Appellant's motion to dismiss the appeal for lack of jurisdiction. Appellant filed suit against Ole Chevrolet, L.P., d/b/a Midway Chevrolet ("Chevrolet") and Service Life and Casualty Insurance Company ("Service") for fraud, breach of fiduciary duty, and breach of contract. Chevrolet counterclaimed for fraud. Subsequently, Chevrolet and Service jointly moved for summary judgment on traditional and no-evidence grounds based on Appellant's claims. The trial court granted summary judgment in favor of Chevrolet and Service, and ordered Appellant's claims dismissed with the notation that "all relief sought by any party which is not expressly granted herein is denied." Appellant then filed a notice of appeal.

While researching his issues for appeal, Appellant discovered that the trial court has not yet ruled on Chevrolet's counterclaim for fraud. Our own review of the record supports Appellant's finding. Thus, Appellant contends that the appeal is interlocutory and that we lack jurisdiction to entertain it. Neither Chevrolet nor Service has filed a response. We agree with Appellant that we lack jurisdiction over the appeal.

As a general rule, an appeal may be taken only from a final judgment. *See Lehmann v.*

*Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When, as here, there has been no conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or clearly and unequivocally states that it finally disposes of all claims and parties. *Id.* at 205. If the order does not dispose of all issues and all parties, it is interlocutory and therefore not appealable absent express statutory authorization, severance, dismissal, or non-suit. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992); *Hervey v. Flores*, 975 S.W.2d 21, 24 (Tex. App.–El Paso 1998, pet. denied). Here, nothing in the record reflects that Chevrolet's counterclaim was severed, dismissed, or non-suited, and we can find no statute that expressly authorizes an interlocutory appeal of a summary-judgment order that does not dispose of all claims against all parties. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (Vernon 2008) (providing when an interlocutory order is appealable). Thus, because the trial court has not disposed of Chevrolet's counterclaim, we conclude we have no jurisdiction over this interlocutory appeal. We therefore grant Appellant's motion and dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

                                        GUADALUPE RIVERA, Justice

April 21, 2010

Before Chew, C.J., McClure, and Rivera, JJ.