

# Fourth Court of Appeals
## San Antonio, Texas

January 6, 2022

No. 04-21-00407-CV

**JAMES PRESERVATION TRUST**, Eric F. James d/b/a Stray Leaves, Leaves of Gas,
Appellants

v.

Rob **BURLEY**, Burley Auction Group, Inc., Lois Gibson, and Terry Verburgt,
Appellees

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 19-0136-CV-A
Honorable Jessica Crawford, Judge Presiding

# O R D E R

In the underlying suit, Appellees/Plaintiffs Robb Burley, Burley Auction Group, Inc., Lois Gibson, and Terry Verburgt (the Burley Plaintiffs) sued Appellants/Defendants James Preservation Trust, Eric F. James d/b/a Stray Leaves, and Leaves of Gas (the James Defendants) asserting claims for defamation, defamation per se, and business disparagement. The James Defendants filed a Special Appearance and Motion for Summary Dismissal, which the trial court denied on May 16, 2019. The James Defendants' live answer asserted a counterclaim under the Declaratory Judgments Act and sought attorney's fees.

The Burley Plaintiffs filed a motion for summary judgment on their claims for defamation per se and an injunction. On May 19, 2021, the trial court granted that motion, awarded each plaintiff $1 in nominal damages, and issued an injunction requiring the James Defendants to, inter alia, delete certain material from their website.

The James Defendants timely filed a motion for new trial. If the May 19, 2021 order had been a final judgment that disposed of all parties and all claims, their notice of appeal deadline would have been August 17, 2021. *See* TEX. R. APP. P. 26.1(a). With a motion for extension of time, that deadline could have been extended until September 1, 2021. *See id.* 26.3. The James Defendants did not file their notice of appeal until September 15, 2021.

We issued an order identifying these possible jurisdictional defects and ordered the James Defendants to show cause why the appeal should not be dismissed for lack of jurisdiction. In response to the show cause order, the James Defendants assert that their appeal is authorized by

Texas Civil Practices and Remedies Code section 51.014(a)(6). In addition, they argue that their delay in filing the notice of appeal was related to the pandemic, which authorized the trial court to extend its deadline to hold a hearing on their motion for new trial and should be excused under the Texas Supreme Court's Emergency Orders.

This is not an appeal under section 51.014(a)(6). That subsection allows a person to appeal from an interlocutory order that "*denies* a motion for summary judgment" related to a claim or defense "arising under the free speech clause[.]" TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(6) (emphasis added). The order the James Defendants attempted to appeal *granted* the Burley Plaintiffs' motion for summary judgment. *See Komerica Post, LLC v. Byun*, No. 14-19-00764-CV, 2021 WL 1804512, at *2 (Tex. App.—Houston [14th Dist.] May 6, 2021, no pet.) (mem. op.) (noting appellate court has jurisdiction under section 51.014(a)(6) only of orders *denying* certain summary judgment motions). Although the trial court denied the James Defendants' Special Appearance and Motion for Summary Dismissal, it did so on May 16, 2019. As a result, any notice of appeal of that order would have been due by June 5, 2019. *See* TEX. R. APP. P. 26.1(b). Because the James Defendants did not file their notice of appeal until September 15, 2021, we lack jurisdiction under Texas Civil Practice and Remedies Code section 51.014(a)(6) and, for that matter, section 51.014(a)(12). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12) (authorizing interlocutory appeal of order that "denies a motion to dismiss filed under Section 27.003" of the Civil Practice and Remedies Code).

Similarly, we lack jurisdiction because there is no final, appealable judgment here. A "judgment rendered without a conventional trial on the merits is not final unless (1) it actually disposes of every pending claim and party or (2) it clearly and unequivocally states that it finally disposes of all claims and parties, even if it does not actually do so." *Matter of Guardianship of Jones,* 629 S.W.3d 921, 924 (Tex. 2021). The judgment here disposes of the Burley Plaintiffs' defamation per se claim and their request for an injunction, but not their defamation claim, their business disparagement claim, or their request for a declaratory judgment. Nor does the judgment dispose of the James Defendants' counterclaim and request for attorney's fees under the Declaratory Judgments Act. In the absence of a severance order, a summary judgment that does not dispose of all parties and causes of action is not final and appealable. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Ne. Indep. Sch. Dist.v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966).

Nevertheless, we may treat the notice of appeal as prematurely filed and allow the James Defendants time to present this court with a supplemental clerk's record that includes a final, appealable order or judgment. *See* TEX. R. APP. P. 27.1(a), 27.2; *Iacono v. Lyons*, 6 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (per curiam); *see also Hervey v. Flores*, 975 S.W.2d 21, 24 (Tex. App.—El Paso 1998, pet. denied) ("a final, appealable summary judgment may consist of a series of piecemeal orders.").

Therefore, we ABATE this appeal and REMAND this cause to the trial court. We ORDER the James Defendants to ensure that a supplemental clerk's record with a final, appealable judgment or order is filed in this court within THIRTY DAYS of the date of this order. If the James Defendants fail to cure the jurisdictional defect as ordered, we will reinstate this appeal and dismiss it for want of jurisdiction without further notice. *See* TEX. R. APP. P. 42.3(a).

All other appellate deadlines are SUSPENDED pending further order of this court.

Beth Watkins, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 6th day of January, 2022.

Michael A. Cruz,
Clerk of Court