

# Fourth Court of Appeals
## San Antonio, Texas

May 24, 2022

No. 04-22-00093-CV

Donald W. **TAYLOR**,
Appellant

v.

**THE RENEGADE RANCH SUBDIVISION ARCHITECTURAL REVIEW COMMITTEE MEMBERS AND TREASURE**: Brian and Dixon Schultz, Kevin & Cynthia Gallagher Secondary Architectural Review Committee Member Co-Treasure: Jeffrey C. and Vada Michelle Pitts,
Appellees

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 16772
Honorable Dennis Powell, Judge Presiding

# O R D E R

In the underlying suit, Appellant/Plaintiff Donald Warren Taylor sued Appellees/Defendants Renegade Ranch Subdivision Architectural Review Board Committee Members Brian Schultz, Dixon Schultz, Dr. Kevin and Cynthia Gallagher (the Gallagher defendants), and Jeffrey C. and Vada Michelle Pitts (the Pitts defendants) for fraud, negligence, and deceptive trade practices. Taylor moved for summary judgment against all defendants. Brian Schultz and Dixon Schultz each filed a motion to dismiss pursuant to Texas Rule of Civil Procedure 91a, and the Gallagher and Pitts defendants each filed a motion to dismiss pursuant to both Rule 91a and the Texas Citizens Participation Act (TCPA). Taylor filed motions to dismiss those motions. He also filed motions for sanctions. The trial court held a hearing on December 14, 2021. Taylor "passed" on his motion for summary judgment and the trial court heard the defendants' motions to dismiss.

On December 16, and 17, 2021 the trial court signed a series of orders:

- memorializing that Taylor passed on a hearing for his motion for summary judgment;

- granting Brian Schultz's motion to dismiss pursuant to Rule 91a, awarding costs of court, declining to award attorney fees, and finding that no causes of action remain against Brian Schultz;

- granting Dixon Schultz's motion to dismiss pursuant to Rule 91a, awarding costs of court, declining to award attorney fees, and finding that no causes of action remain against Dixon Schultz;

- granting the Gallagher defendants' motion to dismiss pursuant to Rule 91a and the TCPA, awarding costs of court and attorney's fees under the TCPA to be determined at a "future hearing," and finding "no surviving causes of action" against the Gallagher defendants;

- granting the Pitts defendants' motions to dismiss pursuant to Rule 91a and the TCPA, awarding costs of court and attorney's fees under the TCPA to be determined at a "future hearing," and finding "no surviving causes of action" against the Pitts defendants; and

- confirming that "all causes of action against all defendants in this lawsuit have been dismissed and the case is dismissed. This is a final order disposing of this litigation."

On January 13, 2022, Taylor filed a notice appeal seeking to appeal the "court decision." The order dismissing the claims against Brian Schultz disposes of all claims in dispute between Taylor and Brian Schultz. The order dismissing the claims against Dixon Schultz disposes of all claims in dispute between Taylor and Dixon Schultz. But the orders dismissing the claims against the Gallagher and Pitts defendants do not appear to dispose of all claims in dispute between Taylor and the Gallagher and Pitts defendants.

The general rule is that an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A final judgment is one that disposes of all pending parties and all claims. *Id*.

Interlocutory appeals constitute an exception to the "one final judgment" rule. *De Ayala v. Mackie*, 193 S.W. 575, 578 (Tex. 2006). Statutes permitting interlocutory appeals are strictly applied because they present a narrow exception to the general rule that interlocutory orders are not immediately appealable. *CMH Homes v. Perez*, 340S.W.3d 444, 447–48 (Tex. 2011).

Here, it appears the Gallagher and Pitts defendants' claims for attorney's fees under Texas Civil Practice and Remedies Code section 27.009 remain outstanding.[1] TEX. CIV. PRAC. & REM. CODE ANN. § 27.009. Furthermore, no order appears in the record severing the Gallagher and Pitts defendants' claims for attorney's fees from Taylor's claims against Brian Schultz and Dixon Schultz. In the absence of a severance order, an order that does not dispose of all parties and causes of action is not final and appealable. *Lehmann v. Har-Con Corp*., 39 S.W.3d 191, 195 (Tex. 2001); *Ne. Indep. Sch. Dist.v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966).

Nevertheless, we may treat the notice of appeal as prematurely filed and allow Taylor time to present this court with a supplemental clerk's record that includes a final, appealable order or judgment. *See* TEX. R. APP. P. 27.1(a), 27.2; *Iacono v. Lyons*, 6 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (per curiam); *see also Hervey v. Flores*, 975 S.W.2d 21, 24 (Tex. App.—El Paso 1998, pet. denied) ("a final, appealable summary judgment may consist of a series of piecemeal orders.").

Therefore, we ABATE this appeal and REMAND this cause to the trial court so that

---

[1] On March 7, 2022 the Gallagher defendants filed a motion for the mandatory attorney's fees. On March 17, 2022 the Gallagher defendants filed an objection to Taylor's notice of appeal "and in the alternative conditional notice of cross appeal."

Taylor may attempt to obtain a final, appealable judgment or order that disposes of all parties and all claims. We ORDER Taylor to ensure that a supplemental clerk's record with a final, appealable judgment or order is filed in this court within THIRTY DAYS of the date of this order. If Taylor fails to cure the jurisdictional defect as ordered, we will reinstate this appeal and dismiss it for want of jurisdiction without further notice. *See* TEX. R. APP. P. 42.3(a).

All other appellate deadlines are SUSPENDED pending further order of this court.


_____
Beth Watkins, Justice


IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 24th day of May, 2022.



_____
Michael A. Cruz,
Clerk of Court