**Opinion issued April 14, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00711-CV

_____

**RICHARD J. GONZALES, Appellant**

**V.**

**ROBERT DRAKE TERRELL AND HERITAGE PROPERTIES, LP,**
**Appellees**

---

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Case No. 2008-09906A**

---

## MEMORANDUM OPINION

Appellant Richard J. Gonzales appeals from a summary judgment order entered on April 30, 2014. Gonzales contends the trial court's July 2, 2014 severance order rendered the April 30, 2014 order final and appealable. Our

review of the record indicates that the summary-judgment order is interlocutory, and that we therefore must dismiss this appeal.

Gonzales sued Stanford Development Corporation, Robert Drake Terrell, Heritage Properties, LP, and others over alleged defects in his condominium. Terrell and Heritage filed a counterclaim against Gonzales, and moved for summary judgment on Gonzales's claims against them. On April 30, 2014, the trial court granted summary judgment in favor of Heritage and Terrell on Gonzales's claims. Heritage and Terrell later moved for severance of the claims between themselves and Gonzales to a new cause number, purportedly to render the summary judgment final. Their motion was granted on July 2, 2014.

The July 2, 2014 severance order states that "any and all causes of action" between Heritage, Terrell, and Gonzales are severed into a new cause. The order goes on to say: "The Court notes the Summary Judgment granted April 30, 2014 in favor of Heritage Texas Properties LP and Robert Drake Terrell and disposes of all claims against Heritage Texas Properties, LP and Robert Drake Terrell in this severed case. That Judgment is hereby a final appealable judgment. The parties are hereby responsible for any costs incurred by same. All relief not herein granted is denied." Although the severance order severed all causes of action between Heritage, Terrell, and Gonzales into the new action, it did not dispose of Heritage and Terrell's counterclaim against Gonzales.

The Texas Supreme Court has held that "the language of an order or judgment can make it final, even though it should have been interlocutory, if that language expressly disposes of all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001). But "[a]n order does not dispose of all claims and all parties merely because it is entitled 'final', or because the word 'final' appears elsewhere in the order, or even because it awards costs. Nor does an order completely dispose of a case merely because it states that it is appealable, since even interlocutory orders may sometimes be appealable." *See id.* at 205. Moreover, "the inclusion of a Mother Hubbard clause—by which we mean the statement, 'all relief not granted is denied', or essentially those words—does not indicate that a judgment rendered without a conventional trial is final for purposes of appeal." *Id.* at 203–04. To be final, an order must "*actually dispose[] of all claims and parties then before the court, regardless of its language,*" or "state[] with unmistakable clarity that it is a final judgment *as to all claims and all parties*." *Id.* at 192–93 (emphasis added).

Here, the April 30, 2014 summary-judgment order was not a final judgment because it disposed only of Gonzales's claims against Heritage and Terrell, and did not address Heritage and Terrell's counterclaim. And the July 2, 2014 severance order does not meet the criteria set forth in *Lehmann* to render the summary-judgment order final. Although the severance order states that it renders the

3

summary-judgment order "final," "[i]t is not enough . . . that the order or judgment merely use the word 'final.'" *See id.*, 39 S.W.3d at 200. Likewise, the inclusion of the statement "[a]ll relief not herein granted is denied" in the severance order, "does not indicate that a judgment rendered without a conventional trial is final for purposes of appeal." *See id.* at 203–04. The severance order does not "actually dispose" of Heritage and Terrell's counterclaim, nor does it state that "it is a final judgment as to all claims and all parties." *See id.* at 192–93. Accordingly, the judgment is not final for purposes of appeal. *See id.*; *see also Hinojosa v. Hinojosa*, 866 S.W.2d 67, 70 (Tex. App.—El Paso 1993) (failure to dispose of counterclaim results in interlocutory or partial judgment over which appellate court lacks jurisdiction).

In response to our notice of intent to dismiss for want of jurisdiction, Gonzales argues that we should treat the summary-judgment order as final because (1) the order was prepared by the appellees' attorney and the appellees' severance motion asked the trial court to grant severance in order to render the summary-judgment order final and (2) the language in the severance order renders it final and appealable.

But we determine finality from the language of the order entered by the trial court, and not the parties' intent. *See Lehmann*, 39 S.W.3d at 204. In support of his claim that the appellees' intent in requesting severance can support a

4

conclusion that the judgment is final, Gonzales relies upon a statement, quoted in *Lehmann*, from an earlier Texas Supreme Court case, *Continental Airlines, Inc. v. Kiefer*, 920 S.W.2d 274 (Tex. 1996). In *Kiefer*, the Supreme Court stated that "[f]inality must be resolved by a determination of the intention of the court as gathered from the language of the decree and the record as a whole, aided on occasion by the conduct of the parties." *Id.* at 277. But *Lehmann* referred to this language in *Kiefer* to show that "our opinions have not been entirely consistent on whether the inclusion or omission of a Mother Hubbard clause does or does not indicate that a summary judgment is final for purposes of appeal" and that "[t]his ambivalence has resulted in considerable confusion in the courts of appeal." *Lehmann*, 39 S.W.3d at 203. *Lehmann* goes on to say "[m]uch confusion can be dispelled by holding, as we now do, that the inclusion of a Mother Hubbard clause—by which we mean the statement, 'all relief not granted is denied', or essentially those words—does not indicate that a judgment rendered without a conventional trial is final for purposes of appeal." *Id.* at 203–04. Thus, *Lehmann*, and not *Kiefer*, guides our determination here.

Gonzales contends that there is finality here because the severance order states that the summary-judgment order is a "final appealable judgment" and that "[a]ll relief not herein granted is denied," and because it awards costs. But under *Lehmann*, none of these is sufficient to render the judgment final unless the order

"actually dispose[s]" of all parties and claims or states that "it is a final judgment as to all claims and all parties." *See id.* at 192–93. Gonzales relies upon various cases where orders actually disposed of all parties and claims or stated they were a final judgment "as to all claims and all parties," as required by *Lehmann*, but the severance order in this case contains no such language.

Because the order in the underlying case is not final, and an interlocutory appeal of the order is not authorized by statute, we lack jurisdiction over this appeal. *See Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012); *Stary v. DeBord*, 967 S.W.2d 352, 352-353 (Tex. 1998). Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a). We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Huddle.

6